## SCHROEDER v. SCHROEDER

[No. 328, September Term, 1963.]

*Decided April 28, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

Submitted on brief by *Fred J. Van Slyke* and *Daniel S. Sullivan, Jr.,* for the appellant.

*Nelson R. Kerr,* with whom was *Nelson R. Kerr, Jr.,* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

Once again this term we are asked to construe an agreement between the parties to a divorce action to determine whether the payments set forth therein were in the nature of alimony and thus within the power of the equity court to modify. The divorce decree did not expressly refer to the agreement, but an amount equal to that provided for in the agreement was decreed to be paid the wife as alimony. The appellant petitioned the court to modify the payments on the ground that the financial condition of the parties had changed, but the chancellor dismissed the petition with prejudice since he was of the opinion the payments were not alimony. The agreement provided for a periodic payment of $25 per week, payable until the wife died or remarried and stated that it is "permanent alimony, subject

to the further Order of the Court," the wife further releasing the husband from any and all other claims which might otherwise be asserted for alimony or support.

The chancellor apparently accepted the position taken by the appellee, namely, that notwithstanding the recitation that the payments were alimony subject to court modification, since there was no specific mention that payments were to continue only during the joint lives of the parties, they were not alimony. The principle that payments must cease at the death of either party to constitute alimony reaches as far back as *Wallingsford v. Walingsford*, 6 H. & J. 485, and has been reiterated innumerable times in our decisions through the years. In the recently decided case of *Stevens v. Stevens*, 233 Md. 279, 196 A. 2d 447, there was a similar provision in an agreement incorporated in a divorce decree that payments were to be made only so long as the wife was alive and unmarried. Nonetheless another proviso insured that payments would cease upon the husband's death by virtue of the wife's promise to release her husband's estate from all claims based on their prior marital status. We held the payments in the agreement to be alimony. On the other hand, in *Grossman v. Grossman*, 234 Md. 139, 198 A. 2d 260, specific clauses of the agreement made it apparent that payments to the wife were binding on the husband's estate, and we held the agreement to be a property settlement between the parties and not alimony.

The agreement in this case is more nearly like that construed in *Grossman, supra,* and we think the case is controlled by *Dickey v. Dickey*, 154 Md. 675, 141 Atl. 387, and our subsequent decisions which have followed it. There the parties entered into an agreement which was subsequently incorporated into the divorce decree. There was, as here, a proviso indicating payments were to be considered as permanent alimony, and also the similar clause providing for payment until the wife died or remarried. The decree called the wife's allowance alimony and limited payments until further order of the court. Notwithstanding this language in the agreement and the chancellor's decree, this Court ruled that the payments were not in fact alimony and thus not subject to subsequent court modification since the agreement did not limit the husband's payments

to the joint lives of the spouses. *Cf. Knabe v. Knabe,* 176 Md. 606, 6 A. 2d 366, where the payments in the agreement came within the purview of alimony.

We therefore hold that the chancellor was correct in dismissing the appellant's petition for modification of payments since such payments were not alimony.

*Decree affirmed. Costs to be paid by appellant.*