BEBERMEYER *v.* BEBERMEYER

[No. 55, September Term, 1965.]

*Decided December 27, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-
MOND, MARBURY, BARNES and MCWILLIAMS, JJ.

*Joseph Zitomer* for appellant.

*Albert Ginsberg,* with whom were *Joseph H. Schneider* and
*Herbert D. Horowitz* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

Helen B. Bebermeyer, the appellee (wife), filed a bill of com-
plaint on October 4, 1955 in the Circuit Court for Montgomery
County against the appellant David C. Bebermeyer (husband)
alleging the marriage of the parties in 1942, the residence of
the wife in Maryland, the birth of two children as a result of
the marriage—David Corbin Bebermeyer, Jr., born December
10, 1944 and James Emerson Bebermeyer, born January 2,
1950—both of whom were in the wife's care and custody, and

the usual allegations of desertion of the wife by the husband. There was also an allegation that the parties had entered into a final settlement of their property rights and of the custody and support of the children as set forth in a copy of the original agreement attached as Exhibit 1. The wife prayed for a divorce a vinculo matrimonii from the husband, for her permanent care and custody of the minor children, for suit money, for confirmation of the agreement and for other relief. It will be noted that the wife did not pray for any allowance for alimony.

After the husband's answer was filed, testimony was taken which substantiated the allegations of the bill of complaint. The wife was shown the agreement of September 28, 1955 which had been filed with the bill of complaint as Exhibit 1 and in response to a question inquiring as to what it was, replied "This is an agreement whereby we had decided who would have the children and how much maintenance I would have."

The agreement of September 28, 1955, promises, *inter alia,* that the wife shall have absolute care and custody of the children and then provides that the husband shall pay to the wife:

"* * * [T]he sum of $65.00 every two weeks for the maintenance and support of herself and their two minor children as aforesaid, the first of such payments to be made on the 13th day of May, 1955, and a like sum every two weeks thereafter, such payments to be made until the youngest child reaches twenty-one years of age. Provided that when each child reaches twenty-one, or in the event the party of the first part remarried, then the said payments shall be reduced by an amount equal to one-third of the original payment."

The husband also agreed to convey all real property to the wife.

On December 21, 1955, the Circuit Court for Montgomery County passed a final decree divorcing the parties a vinculo matrimonii, awarding the custody of the minor children to the wife, requiring the husband to pay the costs and providing the following:

"* * * [T]hat the Agreement, dated September 28, 1955, between the parties, filed herein in evidence as plaintiff's Exhibit Number Two, providing for the custody and support of the minor children and the disposition of property and property rights of the plaintiff and defendant, be, and the same is hereby, approved and ratified; and each of the parties hereto is hereby ordered to perform each and every term, condition and provision contained in said Agreement on such party's part to be performed."

It will be observed that there was no provision in the decree for the payment of alimony to the wife.

On April 30, 1964, the wife filed a motion in the divorce suit to modify the decree of December 21, 1955, alleging that the plain intent of the agreement was that one-third of the $65.00 to be paid for her support was alimony for the wife and two-thirds was for support of the minor children. It was further alleged that the Internal Revenue Bureau had advised the wife that under the Internal Revenue Regulations either sum paid is considered alimony and the wife must pay income taxes on the whole amount. It was prayed that the decree "be modified setting forth that one-third ($\frac{1}{3}$) of the payments paid for herself and the support of the minor children is alimony for the plaintiff, and that two-thirds ($\frac{2}{3}$) of said payments are maintenance for the support of the minor children of the parties." The wife also alleged that the husband's income had doubled since 1955, the cost of raising children had greatly increased and the wife prayed a further modification of the decree to allow a larger sum for the maintenance and support of the children.

On February 8, 1965, Judge Anderson, before whom the motion had been argued, but before whom no testimony was offered, filed a memorandum opinion and amended decree dated February 3, 1965 in which he indicated that it was intended in the agreement of September 28, 1955 that one-third of the payments "were actually to be alimony" and the remaining two-thirds were maintenance and support for the minor children. He further stated that "a proper construction of the separation agreement as embodied in the final decree passed by the Court

in this case intended one-third of the payments as alimony for the wife, and two-thirds of the payments as maintenance and support for the minor children, and the Court so finds. It is apparent that the wording as set forth in the final decree dated December 21, 1955, was a typographical error and should have included the wife along with the minor children * * *." In the decree of February 3, 1965 the trial court provided as follows:

> "[T]hat the final decree passed by this Court on the 21st day of December, 1955, be, and the same is hereby, amended and modified nunc pro tunc as of July 1, 1964, as follows:
>
> 'One-third of the payments made by the defendant, David C. Bebermeyer, to the plaintiff, Helen B. Bebermeyer, in the total sum of Sixty-five Dollars ($65.00) every two weeks for the support and maintenance of Helen B. Bebermeyer and their two minor children, same being $21.66, is alimony to the wife, and two-thirds of the aforesaid payments made by the husband to the wife, same being $43.34, is maintenance and support for the two minor children of the parties;'
> * * *."

On appeal the husband contends that the trial court erred in attempting to modify the decree of December 21, 1955 to provide for alimony when none was provided for in the original decree and that neither the agreement of September 28, 1955 nor the decree of December 21, 1955, which ratified and confirmed that agreement, made any provision for alimony. We agree with the husband's position and hold that the trial court was clearly in error in attempting to modify the decree of December 21, 1955 to provide for *alimony* to the wife and in construing the agreement of September 28, 1955 as providing for alimony for the wife.

This Court has held consistently since 1823 when our predecessors decided *Wallingsford v. Wallingsford*, 6 H. & J. 485 that payments to a wife, even if referred to in a separation agreement or in a decree as "alimony" will not be considered to be alimony unless they are payments to continue during the joint lives of both husband and wife and so long as the parties

live separate and apart. We recently considered this matter in *Schroeder v. Schroeder,* 234 Md. 462, 200 A. 2d 42 (1964). In *Schroeder* the separation agreement referred to the payment of $25.00 a week to the wife as "permanent alimony, subject to the further Order of the Court," and the decree awarded the wife $25.00 a week "as alimony." We held that notwithstanding this language, the weekly payments were not alimony as there was no provision that the payments were to continue only during the joint lives of the parties. Judge Marbury, for the Court, after reviewing our prior decisions, stated:

> "* * * [W]e think the case is controlled by *Dickey v. Dickey,* 154 Md. 675, 141 Atl. 387, and our subsequent decisions which have followed it. There the parties entered into an agreement which was subsequently incorporated into the divorce decree. There was, as here, a proviso indicating payments were to be considered as permanent alimony, and also the similar clause providing for payment until the wife died or remarried. The decree called the wife's allowance alimony and limited payments until further order of the court. Notwithstanding this language in the agreement and the chancellor's decree, this Court ruled that the payments were not in fact alimony and thus not subject to subsequent court modification since the agreement did not limit the husband's payments to the joint lives of the spouses." (Pages 464-465 of 234 Md., pages 43-44 of 200 A. 2d).

In the case at bar, the payments are not limited to the joint lives of the spouses. The agreement of September 28, 1955 does not refer to the payments for the wife's maintenance and support as alimony and the decree of December 21, 1955 does not provide for the payment of any alimony. It is clear to us that any payments for the wife's support and maintenance were not alimony, and could not be subsequently modified by order of court. See *Staub v. Staub,* 170 Md. 202, 183 Atl. 605 (1936). Payments for the support and maintenance of the minor children, may be modified by the Chancellor upon good cause shown, at any time during a child's minority. See Code (1957) Art.

16, §§25 and 28. *Zouck v. Zouck,* 204 Md. 285, 104 A. 2d 573, 105 A. 2d 214 (1954). No testimony was offered in the trial court to justify any change in the amounts originally awarded for support and maintenance of the minor children and counsel for the wife at the argument in this case indicated that there was no question before us in regard to any *increase* in payments for either the wife or the minor children. We agree that there is no such question before us.

Although the trial court had no power *to modify* the decree of December 21, 1955 in order to provide *alimony* for the wife, that court did have the power to interpret the meaning of that decree and of the agreement of September 28, 1955, ratified and confirmed by that decree. In our opinion, a reasonable interpretation of that agreement and of that decree was that one-third of the $65.00 to be paid every two weeks was for the support and maintenance of the wife and the remaining two-thirds was for the support and maintenance of the minor children. No part of the payments was alimony and payments were to cease as and when provided for in the agreement of September 28, 1955. The trial court should have passed a decree upon the wife's motion as follows:

"That the Final Decree passed in this suit on December 21, 1955 and the Agreement of September 28, 1955 ratified and confirmed in the decree of December 21, 1955 are interpreted and construed to provide that one-third of the payment made by the defendant, David C. Bebermeyer, to the plaintiff, Helen B. Bebermeyer in the total sum of Sixty-five Dollars ($65.00) every two weeks for the support and maintenance of Helen B. Bebermeyer and their two minor children, same being $21.66 is for the support and maintenance for the wife, and two-thirds of the aforesaid payments made by the husband to the wife, same being $43.34, is maintenance and support for the two minor children of the parties, said payments and all parts thereof being governed by, and terminated as and when provided for in, said Agreement of September 28, 1955."

We will remand the case so that a decree may be entered by the Chancellor in accordance with this opinion and we will divide the costs equally between the parties.

> *Decree of February 3, 1965, filed in the lower court on February 8, 1965, reversed and the case remanded to the lower court for entry of a decree in accordance with this opinion, the costs in this Court to be equally divided so that the appellant will pay one-half thereof and the appellee will pay the remaining one-half thereof.*