## PAYLOR *v.* PAYLOR

[No. 290, September Term, 1968.]

*Decided June 5, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

*Lloyd E. James, Sr.,* for appellant.

*Paul M. Nussbaum,* with whom were *Reichelt, Nussbaum & Brown* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

The appellant (plaintiff below) has appealed a decree entered in the Circuit Court for Prince George's County, whereby the decree in which he was awarded a divorce *a vinculo matrimonii* from his wife, was amended to provide that he pay to her the sum of $177.50 on the 5th and 20th of each month, by way of support and maintenance.

It appears that the parties on October 21, 1966, executed an agreement providing, *inter alia,* for their mutual separation, a settlement of their real and personal property, a mutual relinquishment by each of any right to "share" in the estate of the other, and that the husband pay unto the wife the sum of $177.50 on the 5th and 20th of each month for her support and maintenance, until the "wife remarries or dies; whichever event occurs first."

On December 12, 1967, the appellant filed his Bill of Complaint and the decree *a vinculo* was granted on July 29, 1968, with the proviso therein that the Master of Domestic Relations Causes hear evidence "for the sole purpose of establishing support and maintenance payments for the defendant, * * *." The Master held the hearing and in his report stated:

> "The Master has read and considered the written argument of counsel together with the citations of authority and is of the opinion that the agreement between the parties sets the amount of money the plaintiff should pay the defendant wife for support.
>
> "There is no claim of fraud, duress, unfair-

ness or that either was under disability because of any reason. The wife makes no claim for alimony.

"The parties have entered into a complete settlement of their property rights so to deny the wife the amount agreed upon would be to rewrite the agreement.

"*Grossman vs. Grossman*, 234 Md. 139, 198 A.2d 260, said that where the amount is alimony it may be modified by the Court but where

"* * * the parties intend that the agreement be final property settlement * * * such later refusal of reconciliation * * * would not vitiate the agreement. It was not alimony and a Court of Equity has no right to modify a contract between the parties absent collusion, mistake or fraud.'

"See *Mach vs. Boranowski*, 152 Md. 53, and *Kenny vs. Peregoy*, 196 Md. 630. See also *Myerberg*, 2d Edition at page 88."

Exceptions were filed to the Master's Report. On July 29, 1968, Judge Bowie overruled the exceptions and ordered payment by the appellant to the appellee of the "sum of $177.50 on the 5th and 20th of each month for her support and maintenance." It is from this amendment to the decree that the appeal is taken.

In his exception filed to the Master's Report, and in his argument before this Court, the appellant makes the obtuse contention that since the chancellor had not incorporated the separation agreement into the decree *a vinculo,* Maryland Rule S77 b, leaving the question of support payments for consideration by the Master, such action meant that the chancellor had, out of hand, rejected consideration of the payments provided for in the agreement, as payments for support and maintenance, but rather, viewed them as alimony. The significance of the construction to be placed on the payments under the agreement being, that should the payments constitute ali-

mony, the chancellor would have been free to modify or change the amount of payments, in which case the Master should have taken testimony on the appellant's ability to pay. On the contrary, if the payments were to be construed as support and maintenance, then the chancellor should have been bound by the terms of the agreement and there would have been no need to refer the issue of support payments to the Master.

We think the appellant places an artificial restriction on the instructions given by the chancellor to the Master. In referring the case to the Master "* * * for the sole purpose of establishing support and maintenance payments for the defendant * * *," the Master was certainly not precluded under such instruction from reviewing the agreement between the parties which had been filed as an exhibit in the proceeding. We are likewise of the opinion that the contention that, because the chancellor in his decree *a vinculo* failed to incorporate therein the support provisions provided by the agreement, expressly leaving this matter open, he was thereafter precluded from incorporating it in the amended decree, is without substance. We think the chancellor, *sua sponte*, regardless of the recommendations of the Master, could, if he so chose, incorporate in his amendment to the decree, that portion of the separation agreement concerning support and maintenance. Maryland Rule S77 b provides:

> "A deed, agreement or settlement between husband and wife as described in Art. 16, Sec. 28 of the Annotated Code of Maryland may be received in evidence and made a part of the record in an action for divorce, annulment or alimony and may be incorporated, insofar as the court may deem proper, into the decree."

In any event, we believe the chancellor was correct in accepting the Master's recommendations which classified the payments to be made by virtue of the separation agreement as payment for support and maintenance and incorporating them into the decree. We think this issue

is controlled by *Schroeder v. Schroeder,* 234 Md. 462, 200 A. 2d 42 (1964). In *Schroeder,* the husband petitioned the court to modify the payments on the ground that the financial condition of the parties had changed, but the chancellor dismissed the petition, being of the opinion that the payments were not alimony, but payments for support and maintenance provided under an agreement made between the parties. The agreement provided for a periodic payment of $25.00 per week payable until the wife died or remarried and stated that it was "permanent alimony, subject to the further Order of the Court," and the wife released the husband from any and all other claims that otherwise could be asserted for alimony or support. Judge Marbury, writing for the Court, stated:

"The chancellor apparently accepted the position taken by the appellee, namely, that notwithstanding the recitation that the payments were alimony subject to court modification, since there was no specific mention that payments were to continue only during the joint lives of the parties, they were not alimony. The principle that payments must cease at the death of either party to constitute alimony reaches as far back as *Wallingsford v. Wallingsford,* 6 H. & J. 485, and has been reiterated innumerable times in our decisions through the years. In the recently decided case of *Stevens v. Stevens,* 233 Md. 279, 196 A. 2d 447, there was a similar provision in an agreement incorporated in a divorce decree that payments were to be made only so long as the wife was alive and unmarried. Nonetheless another proviso insured that payments would cease upon the husband's death by virtue of the wife's promise to release her husband's estate from all claims based on their prior marital status. We held the payments in the agreement to be alimony. On the other hand, in *Grossman v. Grossman,* 234 Md. 139, 198 A. 2d 260, specific clauses of the agreement made it

apparent that payments to the wife were binding on the husband's estate, and we held the agreement to be a property settlement between the parties and not alimony.

"The agreement in this case is more nearly like that construed in *Grossman, supra,* and we think the case is controlled by *Dickey v. Dickey,* 154 Md. 675, 141 Atl. 387, and our subsequent decisions which have followed it. There the parties entered into an agreement which was subsequently incorporated into the divorce decree. There was, as here, a proviso indicating payments were to be considered as permanent alimony, and also the similar clause providing for payment until the wife died or remarried. The decree called the wife's allowance alimony and limited payments until further order of the court. Notwithstanding this language in the agreement and the chancellor's decree, this Court ruled that the payments were not in fact alimony and thus not subject to subsequent court modification since the agreement did not limit the husband's payments to the joint lives of the spouses. Cf. *Knabe v. Knabe,* 176 Md. 606, 6 A. 2d 366, where the payments in the agreement came within the purview of alimony." *Id.* at 464-465.

In the case at bar the payments to be made to the wife are not limited to the joint lives. To be sure the agreement provides that:

"Each party hereby releases and relinquishes any and all rights that he or she may have or may hereafter acquire (a) to *share in any capacity whatsoever* in the Estate of the other party upon the latter's death; and (b) to act as executor or administrator of the Estate in any manner. It is the intention of the parties that their respective Estates shall be administered

and distributed in all respects as though no marriage had been solemnized between them." (Emphasis supplied.)

It is one thing not to share in an estate as a surviving spouse [1] and quite another not to claim, for example, payment for support that may be due and owing by virtue of a separation agreement. We find *Taylor v. Gowetz,* 339 Mass. 294, 158 N. E. 2d 677 (1959) both interesting and apposite. There, the spouses had entered into a separation agreement whereby, *inter alia,* the husband agreed to pay the wife "for her support the sum of $500.-00 on the first day of June, 1946, and of each succeeding month if and so long as the wife is living and remains unmarried." The husband died and the executors refused to make further monthly payments, relying on an alleged release by the wife of claims against the husband's estate contained in the separation agreement. The wife brought suit to enforce payments.

The agreement provided in pertinent part:

> " '* * * [T]he husband may by will or deed or otherwise dispose of all real and personal property now owned or hereafter acquired by him as if he were unmarried * * *.' The agreement also provided that 'The wife hereby accepts the provisions herein made for her in lieu of any and all other claims, rights and provisions for her past, present and future maintenance, or alimony and covenants that she will not make any further claim on him for support, maintenance or alimony, or in any way demand contribution from him or claim any interest in his property or in his estate in the event of his death. She further releases and relinquishes any and all claims and rights that she may have or hereafter acquire to act as executrix or administratrix of his estate.' "
>
> * * *

---

1. For right of surviving spouse to share in other's estate see Code, Art. 93, §§ 89, 135, 136, 137 and 342; Art. 46, §§ 2, 3, and 4.

"The defendants rely upon that part of the agreement in which the wife agrees to release all her rights in the estate of the husband, including dower, homestead, surviving spouse, and to serve as executrix or administratrix of his estate. However, this release in no way implies that the monthly payments were intended to cease at the husband's death. Rather, the agreement is framed on the assumption that the wife releases her rights in the husband's estate in return for the monthly payments and certain other benefits.

"The defendants next argue that the fact that no provision was made for the creation of a fund out of which the payments were to be made after the death of the husband is significant. The short answer to this is that no fund was created to secure the payments during the husband's life." *Id.* at 678 and 680.

Applying the rationale of *Taylor v. Gowetz,* to the instant case it compels the conclusion that the chancellor properly incorporated the payments provided in the separation agreement in the amended decree.

Finally, the appellant placed considerable reliance on *Stevens v. Stevens,* 233 Md. 279, 196 A. 2d 447 (1964) ; however, this Court in *Schroeder, supra,* clearly distinguished the agreement in *Stevens,* a case wherein the support payments were "to continue during the joint lives of husband and wife or as long as they remain separate" (alimony), as contrasted with an agreement calling for payments until death or remarriage of the wife, which latter payments the courts construe to be payments for support and maintenance pursuant to a property settlement and not alimony. Cf. *Foote v. Foote,* 190 Md. 171, 176, 57 A. 2d 804 (1948).

> *Decree affirmed, as amended,*
> *appellant to pay costs.*