## SPECKLER *v.* SPECKLER

[No. 258, September Term, 1969.]

*Decided February 5, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Ronald L. Ogens,* with whom was *Nelson Deckelbaum* on the brief, for appellant.

*Ernest M. Shalowitz,* with whom was *Kurt Berlin* on the brief, for appellee.

McWILLIAMS, J., delivered the opinion of the Court.

The parties were married in Baltimore in 1935. Their two children are emancipated. In March 1962 they entered into a separation agreement which provided, among other things, for the payment of $150 per week by the appellant (Lewis) to the appellee (Zelda) "for her support and maintenance." Lewis bound himself and "his heirs and assigns" for the payment of that amount during Zelda's lifetime or until her remarriage. In September 1963 he filed a bill for a divorce in the Circuit Court for Montgomery County. Zelda did not answer nor did she thereafter appear either in person or by solicitor. The final decree of divorce a vinculo, dated 9 December 1963, required Lewis to pay Zelda, "for her support and maintenance * * * $150 per week * * * until the further order of" the court.

In August 1969 Zelda filed a petition to have Lewis adjudged in contempt, alleging that he was $500 in arrears in his payments. Answering, Lewis claimed that the court was without jurisdiction to hold him in contempt. At the hearing before Moorman, J., in September 1968, only Zelda testified. Lewis was present in court but he elected not to testify. At the conclusion of argument by counsel for both parties Judge Moorman found Lewis to be in contempt of court. He ordered him to "be confined in the Montgomery County Detention Center until" he purged himself "of the contempt by the payment of $500."

Lewis contends that the payments required by the 1962 agreement are not "technical" alimony and that the implicit incorporation of the provision therefor into the divorce decree did not confer upon the court jurisdiction to incarcerate him for contempt based on his failure to pay. Lewis cites a number of cases in support of his argument but he somehow manages to overlook the 1950 amendment to Sec. 38 of Art. III of the Maryland Constitution which, as amended, is as follows:

"No person shall be imprisoned for debt, *but a valid decree of a court of competent jurisdiction*

*or agreement approved by a decree of said Court*
*for the support of a wife or dependent children*
[or for the support of an illegitimate child or
children], *or for alimony shall not constitute a*
*debt within the meaning of this section."* (The
1950 amendment is in italics. The phrase in
brackets was added in 1962.)

Prior to the 1950 amendment "alimony," as defined by
our predecessors, was not considered to be a debt. Thus,
it has been held in cases involving the enforcement of a
divorce decree entered prior to 1950 that if the wife's
award did not fall within the definition of "alimony," a
court of equity was constitutionally prohibited upon non-
payment to attach for contempt. *See, e.g., Reichhart v.*
*Brent,* 247 Md. 66 (1967) and the cases therein cited. The
1950 amendment, however, has eliminated that technical
distinction. Since then the obligation to support under a
decree is, like alimony, considered to be not a "debt" but
a duty enforceable by attachment and, if necessary, im-
prisonment. See *Dackman v. Dackman,* 252 Md. 331, 342-
43 (1969) (quoting the concurring opinion in *Johnson v.*
*Johnson,* 202 Md. 547, 555, 561 (1953)) ; *Johnson v. John-*
*son,* 241 Md. 416, 419 (1966) ; *McCabe v. McCabe,* 210
Md. 308 (1956) ; *Zouck v. Zouck,* 204 Md. 285, 300, 304
(1954) ; and H. Myerberg, *The Practical Aspects of Di-*
*vorce Practice* 88 (2d ed. 1961).

During the argument counsel for Lewis insisted that
Judge Moorman's refusal to allow questions pertaining
to Lewis' present financial status during the cross-exami-
nation of Zelda amounts to prejudicial error. It is true,
to be sure, that one charged with contempt may avoid
imprisonment by showing he has neither the money nor
the ability to pay. In *Johnson v. Johnson,* 241 Md. 416
(1966), we held that the court below erred when it failed
to give the appellant an opportunity to testify in respect
of his present financial status, and we remanded the case
for further proceedings. It cannot be said that Lewis
was denied such an opportunity. For reasons known only

638

to him he chose not to testify; nor did he offer any other evidence of his financial condition or his ability to pay. To expect Zelda to do it for him is certainly not cricket.

*Order affirmed.*
*Costs to be paid by appellant.*