## SOLDANO *v.* SOLDANO

[No. 414, September Term, 1969.]

*Decided May 8, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SMITH and DIGGES, JJ.

Submitted on brief by *Brady J. Vradenburg* for appellant.

*Samuel Intrater* for appellee.

PER CURIAM.

This is a case in which the appellant, finding himself in contempt of court for failure to make support pay-

ments under a divorce decree, protests that he cannot be imprisoned for such a debt. He contends that because the divorce decree of May 10, 1966, only incorporated a June 20, 1961, separation agreement and his promise there to support his wife, that this is technically not alimony for which he can be imprisoned when he fails to pay it. He cites as authority for this proposition *Reichhart v. Brent,* 247 Md. 66, 230 A. 2d 326 (1967) which assumed for the purpose of that decision that a pre-1950 divorce decree incorporating a similar separation agreement would not be controlled by the provisions of the 1950 amendment to Section 38 of Article III of the Maryland Constitution. There is no basis for such an assumption here since both the divorce decree and its incorporated agreement are dated after the 1950 amendment. The significance of the distinction that appellant now attempts to make was obliterated with the adoption of that amendment, which reads:

> "No person shall be imprisoned for debt, but a valid decree of a court of competent jurisdiction *or agreement approved by decree* of said court for the support of a wife or dependent children, or for the support of an illegitimate child or children, or for alimony, shall not constitute a debt within the meaning of this section." (Emphasis added.)

This identical point has only recently been raised and decided against appellant Soldano's contentions in *Speckler v. Speckler,* 256 Md. 635, 261 A. 2d 466 (1970).

The support payments are of course not subject to increase or decrease by the court if they are not "technical" alimony, *Bellofatto v. Bellofatto,* 245 Md. 379, 226 A. 2d 313 (1967), and imprisonment may be avoided by a showing that one has neither the money nor ability to pay. *McDaniel v. McDaniel,* 256 Md. 684, 262 A. 2d 52, 57 (1970) ; *Speckler v. Speckler, supra.*

*Order affirmed. Costs to be paid by appellant.*