ELLEN G. PUMPHREY *v.* ROBERT A. PUMPHREY

[No. 266, September Term, 1970.]

*Decided February 17, 1971.*

The cause was argued before MURPHY, C.J., and MOYLAN and POWERS, JJ.

*Robert E. Bullard* for appellant.

*Joseph W. Powers,* with whom was *Patrick W. Hoffman* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant wife and appellee husband separated on April 12, 1958. On January 9, 1962 they entered into a separation agreement which, among other things, made provision for the support, maintenance, and education of three minor male children of the parties. By decree dated February 5, 1962 the appellant was divorced *a vinculo matrimonii* from appellee; the decree provided that the separation agreement be incorporated therein by reference "as if the same were set forth in *haec verba.*"[1]

In paragraph two of the agreement, the appellee

---

1. Maryland Rule S77b provides that such separation agreements may be incorporated into a divorce decree "insofar as the court may deem proper."

agreed to pay to appellant for the support and mainte-
nance of three of their minor children, therein named,
the sum of $250 monthly for each child, "said payments
to continue until any one of said named children reaches
the age of twenty-one (21) years or becomes self-sup-
porting, and upon any such child reaching the age of
twenty-one (21) years or becoming self-supporting, the
payment for such child shall cease."

In paragraph three of the agreement the appellee
agreed to pay, in addition to the amounts in paragraph
two, college tuition and expenses for each of the named
minor children, with the proviso that should any of the
children be attending college after the age of twenty-one,
appellee would continue to pay the tuition and expenses
for that child's education.

The parties' nineteen year old son, Robert, attending
college in Minnesota, married on January 17, 1970.
Shortly thereafter, appellee petitioned the court for
modification of the divorce decree by eliminating the
monthly payment of $250 for Robert's support and main-
tenance. He claimed that by reason of his marriage,
Robert had "emancipated himself from the home," and
the payment was no longer required under the decree.
Appellee ceased making the payment.

Appellant promptly filed a petition to attach appellee
for contempt, claiming that under the agreement she was
entitled to $250 monthly for Robert's support and main-
tenance, and to tuition and expenses for his college edu-
cation, notwithstanding that he had married, because he
was neither twenty-one years old nor self-supporting,
and was in college.

The court, acting upon appellee's petition for modifica-
tion, held that the evidence showed that Robert was not
yet twenty-one; that he was married and living away
from home with his wife; and that he was "clearly eman-
cipated by marriage." It then concluded:

> "* * *A careful reading of said Agreement
> in its entirety clearly indicates to the Court that

the purpose was to provide for the support and maintenance of the children of the parties so long as they continued under the supervision and control of their parents. Additionally, it is extremely doubtful that this Court could Order that the defendant father pay for the support of an emancipated child regardless of any agreement (*Borchert v. Borchert,* 185 Md. 586). Finally, an Equity Court need not ratify or follow a contractual agreement between parents for support of minor children (*Zouck v. Zouck,* 204 Md. 285), and Equity Courts will not enforce such agreements when support is not reasonably necessary."

From the court's order modifying its decree by suspending the monthly payment for Robert's support and maintenance, appellant has taken this appeal. She claims that the court misconstrued the agreement—that had the agreement "intended to terminate support of the minor children upon emancipation, it would have said so."

A separation agreement being a contract between the parties is subject to the same general rules governing other contracts, and particular questions must be resolved by reference to the particular language of the agreement. *Heinmuller v. Heinmuller,* 257 Md. 672, 676. Thus, where a contract is plain as to its meaning, there is no room for construction and it must be presumed that the parties meant what they expressed. *Devereux v. Berger,* 253 Md. 264. In considering the applicability of this rule, "[w]ords will be given their ordinary meaning when nothing appears to show that they are used in a different sense, and no unreasonable or absurd consequences will result from doing so. Words chosen by the contracting parties should not be unnaturally forced beyond their ordinary meaning, or given a curious, hidden sense which nothing but the exigency of a hard case and the ingenuity of a trained and acute mind can discover." *Highley v. Phillips,* 176 Md. 463, 471-472.

While Robert's marriage may have emancipated him from parental control (see 8 Md. L. Rev. 71), it did not make him "self-supporting" within the ordinary sense of that term, as used in paragraph 2 of the agreement.[2] Marriage, majority, and self-support may come at nearly the same time but each differs fundamentally from the others. It cannot be assumed that parties to a separation agreement failed to appreciate these differences when concluding their agreement. Had it been the intention of the parties in this case to terminate support payments for their minor children upon marriage, whether or not the child was supporting himself, they could have said just that. *Compare Sands v. Sands,* 252 Md. 137. By failing to so provide, either by use of the general term "emancipation," or the more specific term "marriage," or in some other explicit way, it would appear that the parties did not intend that marriage alone was to be equated with the condition of being "self-supporting," particularly where, as here, all the minor children of the parties were males.

Considering the agreement as a whole, we cannot conclude that child support payments were intended by the parties to be conditioned upon continuing parental supervision and control, as found by the Chancellor. Accordingly, we hold that appellee is obliged by the agreement to make the monthly payments for Robert's support and maintenance, notwithstanding his marriage, until he becomes 21 years of age or self-supporting. Nothing in *Borchert v. Borchert, supra,* relied upon by the Chancellor, prohibits enforcement of a separation agreement incorporated into a decree, the terms of which provide that a father will support his emancipated minor child. That case dealt essentially with the question whether a father was required by law to support an incapacitated adult child where no agreement between the divorced parents had been reached. Other jurisdictions have held, as we

---

2. While not disclosed by the record, the parties agreed during oral argument of the case before us that Robert was not employed.

hold, that a parent can legally bind himself by separation agreement to support a child after emancipation, and such an agreement will be enforceable as any other contract. *See Church v. Hancock,* 136 S.E.2d 81 (N. C.) ; *Kamper v. Waldon,* 112 P. 2d 1 (Calif.) ; *Estes v. Estes,* 14 S.E.2d 680 (Ga.). *See also Dunham v. Dunham,* 178 N. W. 551 (Iowa) ; *Worthington v. Worthington,* 179 S.W.2d 648 (Ark.) ; Annotation, 162 A.L.R. 1084, 1088.

Maryland Code, Article 16, Section 28, provides that an agreement between a husband and wife respecting "support, maintenance, property rights or personal rights * * * shall be valid, binding and enforceable to every intent and purpose * * *." The Section further provides that where any such agreement affects "the care, custody, education or maintenance of any infant child or children of the parties," the court shall have the right to modify the agreement "in respect to such infants as to the court may seem proper, looking always to the best interests of such infants." Section 28 thus invests the court with power to modify any order as to support and maintenance for a minor child, despite any agreement on the subject between the parties, *so long as the best interests of the child so require. See Tvardek v. Tvardek,* 257 Md. 88; *Price v. Price,* 232 Md. 379; *Bebermeyer v. Bebermeyer,* 241 Md. 72; *Zouck v. Zouck,* 204 Md. 285. Where the best interests of the child do not require modification of a separation agreement incorporated into a decree the court is without power to modify it by eliminating or reducing the agreed payment for the minor's support. While the Chancellor erroneously interpreted the agreement, and did not address himself to the question whether, under Section 28, the best interests of the emancipated child required modification of the decree, we do not think it likely that Robert's welfare would be enhanced by removing his source of support while he was in college and remained unemployed.

Appellee suggests that as Robert was the "real party in interest," the appellant, under Maryland Rule 203 a, is without standing to pursue the action in her own name.

Appellee also suggests that it was improper for appellant to seek to enforce the support order by petition for contempt, rather than by suit for specific performance. Neither question was raised or decided below and, consequently, is not properly before us. Maryland Rule 1085.[3]

*Order modifying decree vacated; appellee to pay costs.*

---

3. In view of our conclusion that appellee is obligated to make the support payments, we need not anticipate that enforcement will be a problem. But see *Soldano v. Soldano,* 258 Md. 145; *Speckler v. Speckler,* 256 Md. 635; *Faller v. Faller,* 247 Md. 631; *Reichhart v. Brent,* 247 Md. 66. *Compare Rubin v. Rubin,* 233 Md. 118.