## WILLIAM F. WOLFE, JR. *v.* GARNET A. WOLFE

[No. 539, September Term, 1970.]

*Decided August 5, 1971.*

The cause was argued before MURPHY, C. J., and MOR-
TON and GILBERT, JJ.

*Heiskell R. Gray*, with whom were *Blair H. Smith, Arthur M. Ahalt* and *Smith, Finley, Gray & Ahalt* on the brief, for appellant.

*Thomas V. Miller, Jr.*, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

The parties in this case were married on August 27, 1948 and lived together as husband and wife until 1964 when they commenced living separate and apart. Three children were born of the marriage, the eldest of which had become emancipated prior to the institution of the proceedings upon which this appeal is based. On August 2, 1966, with advice of respective counsel, the parties entered into a "Custody, Support and Property Settlement Agreement"; subsequently, the agreement was incorporated into a divorce decree granted to the parties on September 22, 1966. The agreement provided, among other things, that the husband pay $300.00 biweekly for the support and maintenance of the wife, plus an additional $900.00 per annum as a contribution towards the wife's income tax. The agreement further provided that the wife's support and maintenance payment "shall cease in the event said wife shall become deceased or remarried." In addition, the agreement specified that the amount of the wife's maintenance "shall be renegotiated" when any of their children reached majority, became emancipated, or died.

Both parties complied fully with the terms of the agreement and decree until the appellant husband, in February of 1969, reduced the biweekly payments to the appellee wife on the ground that the oldest son had become emancipated. The wife promptly filed a petition to hold the husband in contempt of court for non-compliance with the agreement which had been incorporated into the divorce decree. The husband filed a petition for modification of the decree, claiming that it was the real intention of the parties at the time the agreement was ex-

ecuted that all or part of the biweekly payments were for child support, and not for the wife's maintenance; that the parties had agreed to designate the biweekly payments as support and maintenance for the wife in order that the husband could obtain a tax deduction for all amounts paid; that the court should receive parol evidence to show the real intention of the parties; and that in view of this intention, the court should so interpret the agreement and modify the decree by reducing the biweekly amount to be paid by the husband to reflect the change in circumstances precipitated by the emancipation of the parties' oldest son. The husband urged, in the alternative, that that part of the agreement involving the $300.00 biweekly payments, and requiring renegotiation of the amount thereof when the children reached their majority, died, or were emancipated, was unenforceable since it was too indefinite and uncertain to constitute a valid agreement.

Following an evidentiary hearing, at which the court refused to permit the husband to introduce parol evidence to vary or contradict the express terms of the agreement, it concluded that the support and maintenance provisions in the agreement were valid and enforceable, notwithstanding the renegotiation clause, and that such provision constituted non-technical alimony which it could not modify. From an order finding him in arrears on his payments for the wife's maintenance, and denying his petition for modification of the decree, the husband appealed.

Of four grounds advanced by the husband for reversal of the order, we find merit only in that which asserts that the Chancellor was in error in concluding that the biweekly payments for the wife's support and maintenance constituted non-technical alimony which could not be modified. Parol evidence being inadmissible in this case to show that the biweekly payments were not for the wife's support and maintenance, the agreement must be construed in accordance with its express terms.[1] On

---

1. The long standing rule that parol evidence is inadmissible to

its face the agreement is one solely to provide for the wife. The husband agreed to pay the wife $300.00 biweekly until she died or remarried. The agreement also provided that each party "waives, releases and relinquishes unto the other all rights or claims of dower, curtesy, descent inheritance, distributions *and all other rights or claims growing out of the said marriage between them* and each shall be forever barred from any and all rights in the estate of the other * * *." We think these provisions bring the biweekly payments for the wife's support and maintenance within the meaning of technical alimony, as defined by the Court of Appeals. To constitute technical alimony, the agreement must provide for periodic payments for the wife's support which continue during the joint lives of the parties so long as they live separate and apart or until the wife remarries. *Foote v. Foote,* 190 Md. 171; *Knabe v. Knabe,* 176 Md. 606; *Hood v. Hood,* 138 Md. 355. In *Stevens v. Stevens,* 233 Md. 279, the agreement provided that the husband pay the wife a designated weekly sum until her death or remarriage; and that each party released the other and his or her estate from "any debt or claims of any nature or kind now existing or hereafter arising * * * because of the fact the said parties are or were at any time, husband and wife * * *." The court found that the "release" clause insured that the payments would cease upon the husband's death and, consequently, constituted technical alimony which could be modified upon a proper showing of changed circumstances. We think the "release" clause in the present agreement sufficiently par-

---

vary or contradict the terms of a written instrument is subject to the exception that the existence of a separate oral agreement concerning matters on which a written agreement is silent, and which is not inconsistent with the terms of the written instrument, may be proved by parol evidence if, under the circumstances, it may properly be inferred that the parties did not intend the written instrument to be a complete and final settlement of the whole transaction. *Markoff v. Kreiner,* 180 Md. 150. This exception cannot benefit the appellant since the written agreement expressly stated that it contained the entire understanding of the parties and that there were no representations, warranties, promises, covenants or undertakings other than those expressly set forth therein.

allels that in *Stevens* to compel the conclusion that the payments would cease upon the husband's death. In so holding, we are mindful of the wife's contention that another clause in the agreement, making all its provisions binding on the parties' heirs, personal representatives, successors, and assigns, indicates that all terms of the agreement, including the required biweekly payments, survive the death of the husband. Considering the agreement in its entirety, we interpret this clause to mean that any distribution of property or payment of support to the wife during the parties' joint lives shall be thus binding. We find nothing in *Paylor v. Paylor*, 254 Md. 154 or in *Schroeder v. Schroeder*, 234 Md. 462, at variance with our conclusion that the agreement before us is one providing for technical alimony. Consequently, the Chancellor is empowered, upon remand of the case, to consider, on the husband's petition for modification of the decree, the adequacy of the amount of alimony paid to the wife, and to modify it if the circumstances warrant change. See *Bowis v. Bowis*, 259 Md. 41.[2]

> *Order reversed; case remanded for further proceedings in accordance with this opinion. Costs to be paid by the appellant.*

---

2. As indicated, we agree with the Chancellor that the renegotiation clause in the agreement was neither so indefinite nor uncertain as to vitiate the decree. The clause merely provides that the amount designated as support and maintenance for the wife should be renegotiated upon the occurrence of designated events involving the children. That the parties were unable to agree upon a new amount when their oldest son became emancipated does not render the decree incorporating the agreement null and void.