## VAN RANCELER SIMPSON *v.* EMILY SIMPSON

[No. 852, September Term, 1972.]

*Decided August 13, 1973.*

The cause was argued before MORTON, THOMPSON and POWERS, JJ.

*Eugene W. Pierelli* for appellant.

*Wallace Dann,* with whom were *Bregel & Bregel* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

In the case of *Dickey v. Dickey*, 154 Md. 675, 141 A. 387 (1928) the Court of Appeals said, at page 678:

> "Since the case of *Wallingsford v. Wallingsford*, 6 H. & J. 485, it has been the settled law of Maryland that permanent alimony is a provision by the husband for the wife's support that continues only during their joint lives or so long as they live separate and apart. (Citations omitted) It is equally well established in this state that a final decree of divorce *a mensa et thoro* or *a vinculo matrimonii* may be modified at any subsequent time as to alimony. (Citations omitted) If, however, the allowance to the wife in the decree is the result of a previous agreement between the spouses and does not fall within the accepted definition of alimony, so that it would have been impossible for the chancellor to have allowed permanent alimony as the decree provides, then, notwithstanding the parties and even the court called it alimony, the allowance for the wife in the decree was not alimony, and a court of equity has no power to modify the decree as in the case of an award of alimony."

The *Dickey* case reached the Court of Appeals after the wife had sought to have the husband held in contempt for failure to make the payments originally provided for in an agreement between them, to be paid until the wife's death or remarriage. The lower court had decreed payment of the same amount to the wife, as permanent alimony, until her death or remarriage, or until the further order of the court. The Court of Appeals held that the lower court had correctly ruled on the contempt petition that the payments were not alimony, and so could not be enforced by attachment of the person for contempt.

Between 1964 and 1970 the Court of Appeals considered in at least eight cases whether support payments originally

agreed upon by the parties and thereafter incorporated in a decree of the court were or were not alimony. The cases, which need not be analyzed in detail here, are *Stevens v. Stevens*, 233 Md. 279, 196 A. 2d 447 (1964), *Grossman v. Grossman*, 234 Md. 139, 198 A. 2d 260 (1964), *Schroeder v. Schroeder*, 234 Md. 462, 200 A. 2d 42 (1964), *Woodham v. Woodham*, 235 Md. 356, 201 A. 2d 674 (1964), *Bebermeyer v. Bebermeyer*, 241 Md. 72, 215 A. 2d 463 (1965), *Bellofatto v. Bellofatto*, 245 Md. 379, 226 A. 2d 313 (1967), *Paylor v. Paylor*, 254 Md. 154, 253 A. 2d 911 (1969), and *Heinmuller v. Heinmuller*, 257 Md. 672, 264 A. 2d 847 (1970).

In *Wolfe v. Wolfe*, 12 Md. App. 581, 280 A. 2d 1 (1971), this Court was required to decide whether an agreed payment for support and maintenance of the wife, later incorporated into a divorce decree, was or was not alimony. The payments were to cease on the death or remarriage of the wife. Although there was no express provision that the payments terminate on the death of the husband, we held, as did the Court of Appeals in *Stevens v. Stevens, supra*, that a waiver and release of all rights of inheritance and all other rights or claims growing out of the marriage accomplished the same result.

The Court of Appeals gave a clear and concise definition of alimony in *Knabe v. Knabe*, 176 Md. 606, 6 A. 2d 366 (1939). Beginning with that definition, found at page 612, we summarize the law relevant to the issue in the case before us as follows:

1. Alimony is a money allowance payable under a jucicial decree by a husband at stated intervals to his wife, or former wife, during their joint lives or until the remarriage of the wife, so long as they live separately, for her support and maintenance.[1]

    a. It must terminate on the remarriage of the wife.

    b. It must terminate on the death of the wife.

---

1. Whether a wife may be ordered to pay alimony to a husband has not been decided by an appellate court in this State.

c. It must terminate on the death of the husband.

d. If the parties have entered into an agreement providing for payments which meet the required characteristics of alimony, the court may adopt the agreement in ordering the payment of alimony.

e. Alimony ordered by the court is always subject to reconsideration and modification by the court in the light of changed circumstances.

f. Payment of alimony may be enforced by the court by the exercise of its contempt power, including attachment and imprisonment of the person.

2. If the parties have entered into an agreement providing for payments which do not meet all of the requirements of alimony, the court may nonetheless incorporate all or part of the agreement in its decree. However, the obligation to pay rests upon the agreement of the parties, and does not become alimony.

a. Such payments may not be modified by the court, in the absence of collusion, mistake, or fraud.

b. Such payments do not take the character of alimony because they are described as alimony.

c. Such payments do not take the character of alimony because the parties by their agreement or the court in its decree attempt to give the court or reserve continuing jurisdiction to modify the payments.

d. Such payments, if approved by a decree of the court, may be enforced by the court by the exercise of its contempt power, including attachment and imprisonment of the person.[1a]

---

[1a] By amendment in 1950 of Section 38 of Article III of the Maryland Constitution payments for support provided in an agreement approved by a decree of court are, along with alimony, defined as not constituting a debt within the constitutional prohibition against imprisonment for debt. See *Speckler v. Speckler,* 256 Md. 635, 261 A. 2d 466, *Soldano v. Soldano,* 258 Md. 145, 265 A. 2d 263, and cases there cited.

## The Present Case

During the pendency of divorce litigation between them in the Circuit Court for Baltimore County, Van Ranceler Simpson and Emily Simpson entered into a separation agreement on 8 February 1964. By a decree dated 26 February 1964 the court granted an absolute divorce to Mrs. Simpson. Two paragraphs of the agreement were approved and made a part of the decree. One of the paragraphs related to support for children, who are now adults. The other paragraph provided, in part:

> "After the residence is sold, Husband shall pay over unto Wife, as alimony to Wife, the sum of Five Hundred Dollars ($500.00) per month until Wife re-marries or dies. After the occurrence of either one of these contingencies, to wit, either death or re-marriage, all obligations of Husband to pay alimony to Wife shall cease, and neither the estate nor the heirs of Wife shall have any claim therefor against Husband. It is further understood and agreed that these provisions regarding alimony and support for minor children are based upon conditions prevailing at the time of the execution of these presents and, particularly, those conditions regarding Husband's estate and income as having been represented by Husband to Wife. It is further understood and agreed that the provisions herein regarding alimony shall be subject to the continuing jurisdiction and further orders of the Circuit Court for Baltimore County."

On 1 May 1972 Mr. Simpson filed a "Petition To Terminate Alimony", in which he prayed that the court terminate the alimony completely, and for general relief. He recited that he was soon to retire from his employment of 30 years and that thereafter his sole income would be $613.00 a month as a pension. He recited also that he had remarried and was responsible for the support of his present wife and two minor adopted children, and was unable to continue alimony

payments to his first wife. Mrs. Simpson filed opposition to the petition.

The master in chancery filed a report recommending that Mr. Simpson be required to pay $300.00 per month as alimony. Mr. Simpson filed exceptions to the master's recommendations. The matter was argued before Judge John E. Raine, Jr. On 29 December 1972 Judge Raine signed a decree dismissing the petition to terminate alimony. He declined to hold Mr. Simpson in contempt because of his failure to make payments while the petition was pending, but entered a money judgment in personam for the amount unpaid under the agreement and the 1964 decree.

In his appeal from the 1972 decree Mr. Simpson contends:

1. That the payments provided for in the agreement and incorporated in the 1964 decree are alimony, and

2. That the court erred in not interpreting the vague and ambiguous provisions of the agreement, and in not allowing parol evidence to aid in interpreting the agreement to express the intention of the parties.

I

The agreement did not provide that the payments terminate upon the death of the husband. The wife's release of any right to share in the husband's estate did not supply this missing element. *Paylor v. Paylor, supra.* The payments were contractual, and were not alimony. That the parties called them alimony did not make them so. *Schroeder v. Schroeder, supra, Bebermeyer v. Bebermeyer, supra.* And an agreement by the parties that payments provided for in their contract shall be subject to further order of the court, or to modification by the court, cannot empower the court to modify payments which are not alimony. *Dickey v. Dickey, supra, Schroeder v. Schroeder, supra.*

Judge Raine properly declined to terminate or modify [2]

---

**2.** Although the petition specially prayed only that the payments be terminated, we think the prayer for other and further relief was a sufficient basis to permit modification of the payments, were it otherwise appropriate to do so.

the payments which the parties had provided for in their agreement, since he had no power to do so.

## II

We see nothing vague or ambiguous in the terms of the agreement. The court needed no extrinsic evidence to determine its meaning.

Whether the agreement fails to express the mutual intent of the parties, and should be reformed to do so, was not before the lower court and is not before us.

*Decree affirmed.*
*Appellant to pay costs.*