GUYNETH N. EIGENBRODE *v.* RALPH F. EIGENBRODE

[No. 245, September Term, 1973.]

*Decided January 4, 1974.*

The cause was argued before THOMPSON, MOYLAN and DAVIDSON, JJ.

*Arthur M. Wagman* for appellant.

*Steny H. Hoyer* for appellee.

THOMPSON, J., delivered the opinion of the Court.

Guyneth N. Eigenbrode appeals from an order of the Circuit Court for Prince George's County, dated March 20, 1973. By this order, the Chancellor: overruled appellant's exceptions to the Report of the Master for Domestic Relations Causes; held to be technical alimony the provisions of a voluntary separation agreement dated July 24, 1970, as incorporated into a decree of divorce entered in Nevada on July 30, 1970; and reduced the alimony to one dollar ($1) per year.[1]

The only question necessary for us to consider is: (1) Does the support provision embodied within the separation agreement between the parties constitute technical alimony? We hold it does not.

After reciting, among other things, "it is the mutual

---

[1]. In the Master's Report it was stated that the parties agreed the question should be determined under Maryland law. This statement is not challenged on appeal.

desire of the parties hereto to make a permanent, complete and final agreement of all their property and legal rights of every and any nature whatsoever" the agreement further provided in pertinent part:

"FIRST: It is hereby expressly agreed that this agreement shall be and is in full settlement of all property rights whether past, present, or future, including all rights to any property of either of said parties as spouse, surviving spouse, heir at law, or otherwise, as against the other."

\* \* \*

"FOURTH: The husband hereby agrees to pay to the wife the sum of $275.00 per month beginning July 1, 1970, as alimony for the wife, said sum to be increased each month beginning July 1, 1971, and each July 1 thereafter, by one twelfth of the amount computed by multiplying the amount of alimony for the previous year ending June 30 by the percentage of increase, if any, in the Bureau of Labor Statistics cost of living index for said previous year ending June 30. It is understood that such payment will cease upon the remarriage of the wife."

\* \* \*

"TENTH: The wife hereby expressly releases said husband, his heirs, executors, administrators, and assigns of and from all claims of every kind to his said estate and the right to claim as wife and former wife, or widow of said husband, or as one who may claim under the husband's will or estate in the case of death of said husband and does hereby waive any and all rights to administer under the estate of said husband."

To constitute technical alimony, the agreement must provide for (1) periodic payments for the wife's support, (2) which continue during the joint lives of the parties, (3) so long as they live separate and apart or until the wife

remarries. *Wolfe v. Wolfe,* 12 Md. App. 581, 584, 280 A. 2d 1 (1971). If the agreement does not meet all of the three requirements it is a contractual agreement for support, which the courts are not empowered to modify. *Simpson v. Simpson,* 18 Md. App. 626, 631, 308 A. 2d 410 (1973).

In *Simpson* we cited all the recent Maryland cases and found that if the payments to the wife were not expressly to terminate on her death or remarriage or upon the death of the husband there was little likelihood that the payments could be held to be alimony. We pointed out: "That the parties called them [payments] alimony did not make them so.", citing *Schroeder v. Schroeder,* 234 Md. 462, 200 A. 2d 42 (1964) and *Bebermeyer v. Bebermeyer,* 241 Md. 72, 215 A. 2d 463 (1965). We further pointed out that the wife's release of any right to share in the husband's estate did not supply the missing element, citing *Paylor v. Paylor,* 254 Md. 154, 253 A. 2d 911 (1969). In *Paylor* the Court stated that it was one thing to release a share in an estate and quite another to release support payments that may be due under the separation agreement containing the release. From our review of all of these cases, it seems the Maryland Courts have quite firmly held that the requirements of technical alimony must be clearly spelled out in a separation agreement and a general release of rights to share in an estate and to serve as a personal representative, is insufficient to fulfill a missing requirement. There have been two exceptions to the general rule.

In *Wolfe v. Wolfe, supra,* we held that a general release of the right to share in the husband's estate with the additional language, "and all other rights or claims growing out of the said marriage between them" was sufficient to make the periodic payments technical alimony. In *Stevens v. Stevens,* 233 Md. 279, 196 A. 2d 447 (1964), the Court of Appeals found a general release sufficient when the following language was included: ". . . claims of any nature or kind now existing or hereinafter arising * * * because of the fact the said parties are or were at any time, husband and wife."

The instant agreement does not comply with the joint lives requirement. The language releasing the husband's

estate is limited to "all claims of every kind *to his said estate*" and does not include support payments under the agreement as did the language of *Wolfe v. Wolfe, supra* and *Stevens v. Stevens, supra;* hence, the release is not sufficient to supply the missing requirement. This conclusion is fortified when we look at one unquoted section of the agreement which provided that the title to one of two cars owned by the parties would be assigned to each party. It could hardly be contended that had the husband died prior to transfer of the title to the wife, his personal representative would be precluded by the general release from making the transfer. If this provision was intended to survive the husband's death, it is reasonable to infer that the parties intended the support payments, provided in another section, would also survive his death. The payments are not technical alimony and are not subject to modification by a Court.

Under our decision we do not reach the other issues raised in the briefs.

*Order reversed.*
*Appellee to pay the costs.*