## GUYNETH EIGENBRODE *v.* RALPH F. EIGENBRODE

[No. 825, September Term, 1976.]

*Decided June 15, 1977.*

The cause was argued before THOMPSON, DAVIDSON and MOORE, JJ.

*Russell Rowell,* with whom was *Arthur M. Wagman* on the brief, for appellant.

*Steny H. Hoyer,* with whom were *Hoyer & Fannon* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Guyneth Eigenbrode appeals from that portion of an order of the Circuit Court for Prince George's County which denied her motion to cite the appellee, Ralph F. Eigenbrode, for contempt of court for failure to make support payments. The question raised on this appeal is whether the elimination of an alimony provision from the parties' divorce decree by a Nevada Court, which had previously granted the decree, precluded the Maryland trial court from citing the appellee for contempt for default in his support obligation under a separation agreement executed in Maryland, prior to the Nevada decree.

On July 24, 1970, the two parties entered into a voluntary separation agreement whereby the appellee agreed to pay $275 per month as alimony. This agreement was incorporated into a decree of divorce in Nevada on July 30, 1970. It was expressly provided in the agreement that its terms would be embodied in the decree and the agreement would survive any judgment or decree. Both parties personally appeared in the Nevada proceedings. Subsequent to this, the appellee initiated an action in Maryland to have the support payments reduced. In *Eigenbrode v. Eigenbrode,* 19 Md. App. 597, 313 A. 2d 569 (1974), this Court held that the support provision in the separation agreement did not constitute technical alimony; therefore, the chancellor was

not empowered to modify it.[1] In response to this, the Circuit Court for Prince George's County entered an order that the appellee make support payments pursuant to the agreement. The appellee then petitioned the Second Judicial Court of Nevada for a modification of the divorce decree and that court eliminated its prior alimony award, except as to past installments.

In an attempt to collect alleged arrearages in the support payments, the appellant filed in the Circuit Court for Prince George's County, Maryland, the contempt motion now under consideration. The court ordered the appellee to pay within thirty days $4,868.65, the amount owed to the appellant pursuant to the divorce decree which had accrued prior to the striking of the alimony award. It stated in its oral opinion that the power to order payment was derived from the divorce decree and not the contract; therefore, any contemptuous conduct ended when the alimony provision of the decree was terminated. The court declined to rule on any contractual obligation.

*Md. Code*, Art. 16, § 28 provides that an agreement between husband and wife respecting support is valid, binding, and enforceable to every intent and purpose. It is clear that equity courts are empowered to recognize and enforce separation and property settlements. *Reichhart v. Brent*, 247 Md. 66, 71, 230 A. 2d 326 (1967), *Jackson v. Jackson*, 14 Md. App. 263, 268, 286 A. 2d 778 (1972). Support agreements not providing for technical alimony approved by a decree of the court, signed prior to 1950, could be enforced only by recourse to sequestration, execution, and attachment. Md. Rule 685, *Reichhart v. Brent, supra.* "By amendment in 1950 of Section 38 of Article III of the Maryland Constitution payments for support provided in an agreement approved by a decree of court are, along with alimony, defined as not constituting a debt within the constitutional prohibition against imprisonment for debt."

---

1. Acts 1975, Ch. 849, amended Art. 16, § 28, in regard to any agreement occurring after January 1, 1976, to allow the court to modify support provisions unless the agreement specifically states that it is not subject to court modification.

*Simpson v. Simpson,* 18 Md. App. 626, 629, n. 1a, 308 A. 2d 410 (1973). Contempt proceedings, therefore, are now an appropriate means for enforcing the support payments, after the agreement has been approved by a decree. *Speckler v. Speckler,* 256 Md. 635, 261 A. 2d 466 (1970).

It has been established that an equity court can enforce a decree of another State, both as to alimony accrued and to accrue, and may use for its enforcement the same equitable remedies and sanctions it could use to enforce a decree it had duly entered in the first instance. *McCabe v. McCabe,* 210 Md. 308, 318, 123 A. 2d 447 (1956). The incorporation of a separation agreement in a decree of divorce does not invalidate the agreement and does not preclude an action *ex contractu* on the agreement. *Coffman v. Hayes,* 259 Md. 708, 270 A. 2d 808 (1970). In the case at bar the original divorce decree issued by the Nevada Court both approved and recognized the validity of the support provisions of the separation agreement when it incorporated them. Subsequent to this, the appellant could have sought judicial enforcement in Maryland.

We now look to the effect of the elimination of the alimony by the Nevada Court when it modified its decree. The absence of a support provision in a divorce decree will not necessarily invalidate a support provision under a separation agreement. In *Shacter v. Shacter,* 251 Md. 304, 247 A. 2d 268 (1968), the Court of Appeals, quoting from 1 *Nelson on Divorce,* Chapter 13, § 13.54 (2d. ed. 1945) stated the general rule to be that:

> "A support or property agreement is not invalid nor unenforceable merely because it is not embodied in the divorce decree, if not in conflict with such decree. If the divorce decree does not provide for alimony, it does not terminate liability of the husband to make the payments provided for by a separation agreement. A support or property agreement is not affected by the subsequent decree of divorce, if such settlement is neither incorporated in the decree, disapproved by the decree, nor

superseded by provisions of the decree." *Id.* at 307-308.

The effect of the striking of the alimony by the Nevada Court from its decree would not affect the support provisions under the separation agreement unless the provisions are disapproved by the decree or superseded by the provisions of the decree. In order to determine whether the agreement was superseded by the decree we must look to the intent of the parties and the court. The agreement expressly provided that its terms would be embodied in the decree and that the agreement would survive any judgment or decree. Where a separation agreement is plain as to its meaning, there is no room for construction and it must be presumed that the parties meant what they expressed. *Pumphrey v. Pumphrey*, 11 Md. App. 287, 273 A. 2d 637 (1971). If the Nevada Court had intended for its original decree to supersede the agreement it would have contradicted this proposition. Giving full effect to the intentions of the parties and of the Nevada Court, it is clear that the agreement was not superseded by and would survive the decree. There is no inconsistency in granting a divorce, refusing to grant alimony, but not releasing a spouse from his covenant of support. *Shacter, supra* at 308. We consider the modification of its decree by the Nevada Court to be a determination of its discretion whether to grant alimony or not. We find that the provisions of the agreement for the support of the appellant survive unscathed.

Contrary to the findings of the trial court, the court's contempt power to order support payments was derived not only from the order of the Nevada Court but also from the contract, the support provisions of which also had been previously approved by the Circuit Court for Prince George's County, after our mandate in *Eigenbrode v. Eigenbrode, supra.* Thus the trial court may use its powers of contempt not only to enforce the payment of arrearages under the Nevada decree but also the payment of any arrearages after the modification of that decree. The latter payments are

enforced under the agreement which had been approved, prior to the Nevada modification order, by the Circuit Court for Prince George's County.

We, of course, do not decide whether or not under the particular facts of this case the court should use its powers of contempt. We decide only that the trial judge has such power if he chooses to use it.

> *Order vacated.*
> *Case remanded to Circuit Court for Prince George's County for further proceedings in accordance with this opinion.*
> *Appellee to pay the costs.*