**APPEL, Plaintiff-Appellee, v. APPEL, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

Nos. 3815-3847-3848. Decided January 17, 1846.

Lurie & Gifford, Columbus, for plaintiff-appellee.
Roy J. Stone, Columbus, for defendant-appellant.

## OPINION

By WISEMAN, J.

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County. There are three

cases all involving the same parties and the same issues in which the same questions are raised by counsel. The Court proceeds to decide case No. 3815 which will determine the issues in cases numbered 3847 and 3848. The action originally arose in the Municipal Court of Columbus, which rendered a judgment for $700.00 in favor of the plaintiff based upon a judgment in like sum in a court in the State of New York.

The defendant-appellant claims error was committed in that the trial court failed to grant a continuance to permit the defendant-appellant to take a deposition in New York City to prove the law of the State of New York.

The Court has read the record in its entirety and finds that the defendant-appellant in the Municipal Court filed an answer on April 22, 1944; that the plaintiff-appellee filed a deposition May 26, 1944; and that on June 8, 1944, the defendant-appellant filed a motion and affidavit requesting the Court for a continuance for sufficient time to take a deposition in New York City. The motion was overruled on June 14th and the case was assigned for trial, which took place on June 27, 1944. The pleadings show that counsel for defendant-appellant knew what defense he would interpose and had ample time to prepare his case. A request for a continuance for whatever cause is addressed to the sound discretion of the Court. The record does not disclose facts and circumstances which would show that the defendant-appellant was prejudiced in the Court's failure to grant a continuance. This Court does not believe that the trial court abused its discretion in this matter and finds that no prejudicial error was committed.

The defendant-appellant contends that the plaintiff-appellee should not have been permitted to introduce certain depositions for the reason that the notice to take depositions did not contain the names of the witnesses. The deposition of the plaintiff-appellee was taken, together with two other witnesses. The Court sustained the defendant-appellant's motion by not permitting the deposition of the plaintiff-appellee to be presented, and overruled the motion with respect to the presentation of the deposition of the two other witnesses. Sec. 11534 GC., provides as follows:

"Notice to take deposition. Written notice of the intention to take a deposition shall be given to the adverse party, except in cases in which it is to be taken under a special commission, and shall specify the action or proceeding, the name of the court or tribunal in which the deposition

is to be used, and the time when and the place where it will be taken. **In case the deposition of a party to the suit be taken, it shall not be used in his own behalf, unless the notice specified that his deposition would be taken.**" (Emphasis ours.)

It will be observed that there is nothing in the statute which requires the names of the witnesses to be set forth except that if the deposition of a party to the suit is to be taken the deposition shall so state, otherwise the deposition of a party to the suit cannot be used in his own behalf. This Court believes that the maxim "inclusio unius est exclusio alterius" applies with much force to the construction of this statute. In the application of this rule, this Court is of the opinion that the notice to take depositions was not defective by reason of its failure to designate the names of the witnesses. The defendant-appellant cites the case of In Re Automobile Co-Op. Association, 222 Fed. 345, which was decided by the United States District Court for the Southern District of New York, in which it construed **Section 11534** and held that the names of the witnesses should be stated in the deposition. This Court does not so construe the statute. While it may be the better practice to set forth the names of the witnesses, we do not believe it is a statutory requirement. For this reason this Court holds that no prejudicial error was committed in presenting the depositions of the two witnesses who were not parties to the case. See Neely v. Harris, Tappan's report, p. 209.

The defendant-appellant contends that the judgment rendered for the plaintiff-appellee was contrary to law. The gist of the argument of defendant-appellant is that the judgment rendered by the New York Court was not a final judgment and therefore was not entitled to full faith and credit by the Ohio Court under the provisions of the "full faith and credit" clause of the United States Constitution. The section of the New York law (Sec. 1171-b of the Civil Practice Act) under which this judgment was rendered, provides as follows:

"Where the husband, in an action for divorce, separation, annulment, or declaration of nullity of a void marriage, makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the **court may make an order directing the entry of judgment for the amount of such arrears, together with ten dollars costs and disbursements.** The application for such order shall be

upon such notice to the husband as the court may direct. **Such judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments.** The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law." (Emphasis ours.)

The defendant-appellant contends that under Sections 1165 and 1170 of the New York Civil Practice Act, the court which granted the separation and made an alimony award has the authority to annul, vary or modify the judgment. The record in this case shows that the plaintiff filed her action for separation in the county of New York in July, 1943; that on December 27, 1943, the Court entered judgment in which it directed the defendant-appellant to pay to the plaintiff-appellee the sum of $350.00 a month for the remainder of her life, commencing November 23, 1943. Subsequently, to wit, on January 27, 1944, the plaintiff-appellee began a new proceeding wherein she sought to reduce the two months installments to judgment, the amount then due being $700.00. This proceeding was instituted under provisions of Section 1171-b. On February 10, 1944, a judgment was entered against the defendant-appellant in the sum of $700.00. The judgment which was rendered by the New York Court under the provisions of Section 1171-b could be "enforced by execution or in any other manner provided by law for the collection of money judgments." After this judgment was rendered, this Court is of the opinion that the New York Court was not permitted under the provisions of Sections 1165 and 1170 to annul, vary or modify such judgment, as the rights of the parties were fixed and merged in the judgment. The judgment had the same binding effect as any other judgment. The authority of the New York Court thereafter to annul, vary or modify could extend only to other matters involved in the cause.

Counsel for the defendant-appellant relies on **Gilbert v Gilbert, 85 Oh St 265,** and **Collard v Collard, 7 Oh Ap 53,** which we believe are not applicable to the facts in this case.

This Court is of the opinion that this case is controlled by the principle of law laid down in **Armstrong v Armstrong, 117 Oh St page 558,** and Barber v Barber, decided by the Supreme Court of the United States December 4, 1944, reported under date of December 15, 1944, in the Supreme Court Reporter on page 137. In the Armstrong case, our Supreme Court held that full faith and credit should be given to a decree in the state of Kentucky where alimony was awarded in installments and there had been no modification of such

judgment. In the Barber case a North Carolina Court had reduced to judgment arrears of alimony with direction that execution issue. A suit was instituted in the State of Tennessee in which a question arose as to whether the Court in the State of Tennessee was required to extend full faith and credit to the judgment of the North Carolina Court. The same contention was made in that case as is raised by the defendant-appellant in the case at bar, and the statutes of North Carolina under which the judgment was rendered are similar to the statutes in the State of New York. The Supreme Court in discussing the effect of so-called modification statutes on the judgment, and whether a judgment rendered for unpaid installments is such a judgment as to be entitled to full faith and credit under United States Constitution, say:

"We do not find in the language on which the Tennessee Court relied any clear or unequivocal indication that the judgment for arrears of alimony, on which execution was directed to issue, was itself subject to modification or recall. True, as the opinion of the North Carolina Court states, the judgment for arrears of alimony was not a final judgment in the separation suit. As to further alimony payments not merged in the money judgment, the allotments ordered are, by the terms of the statute, subject to modification. But it would hardly be consistent with the court's statements that accrued alimony is a debt for which a judgment may be rendered, that the defendant is bound by the judgment, and that 'the plaintiff is entitled to all the remedies provided by law' for its enforcement, to say that the judgment may be modified or set aside by virtue of a statute which in terms merely authorizes modification of the order for payment of allowances."

Finally, the Court holds:

"The present judgment is on its face an unconditional adjudication of petitioner's right to recover a sum of money due and owing which, by the law of the State, is a debt. The judgment orders that execution issue. To overcome the prima facie effect of the judgment record it is necessary that there be some persuasive indication that North Carolina law subjects the judgment to the infirmity of modification or recall which is wanting here."

In applying the law as we find it in the Armstrong and Barber cases, this Court holds that the judgment rendered by

the New York court for $700.00 for the unpaid installments of alimony was a final judgment and could not be modified under the provisions of the so-called modification sections of the New York law. It was an unconditional adjudication of the plaintiff-appellee's right to recover a sum of money due and owing from the defendant-appellant, and under the provisions of Section 1171-b she was entitled to issue execution and use any other method provided by law for the collection of money judgments. This Court holds that such a judgment should be given full faith and credit as a final judgment when sued on in the courts of this state.

The defendant-appellant contends that error was committed in overruling the motion for new trial. However, under this assignment of error no new proposition is advanced. For this reason there is no necessity to discuss the matter further.

This Court has been furnished a copy of the well considered opinion of Judge Randall which we approve in every particular.

The judgment of the Court of Common Pleas is affirmed in all three cases. The cases are remanded to the trial court for further proceedings.

HORNBECK, P. J., and MILLER, J., concur.