PRICE, APPELLANT, *v.* PRICE, APPELLEE.

(No. 44445—Decided November 18, 1982.)

*Ms. Marie E. George* and *Mr. M.*

*Umar Abdullah,* for appellant Robert D. Price.

*Mr. Charles C. Redmond,* for appellee Nancy L. Price.

PARRINO, J. Nancy L. Price, appellee, filed a petition in the court of common pleas on May 7, 1981, requesting that the court adopt a decree, allegedly rendered by the Circuit Court of Montgomery County, Maryland, on August 30, 1974, granting her a divorce from Robert D. Price, appellant.

A purported copy of the divorce decree, submitted with the petition, included the following order:

"ORDERED that the agreement of the parties, dated July 10, 1973, shall be incorporated in the decree of divorce, but that the same shall not be merged therein * * *."

A copy of the agreement referred to in the decree submitted with the petition included, as paragraph 11, the following provision:

"Husband agrees to pay to wife and wife agrees to accept as alimony the sum of $400.00 per month provided that husband's annual net income does not exceed $19,500.00. In the event husband's annual net income does exceed $19,500.00, then and in such event husband shall pay to wife as additional alimony twenty (20%) per cent of the excess over and above the said $19,500.00. Said alimony shall immediately terminate in the event of wife's remarriage."

Appellee alleged that appellant had failed to pay $8,277 owing to her by reason of the above provision.

Appellant moved to dismiss the petition, contending that the decree was not entitled to full faith and credit because the separation agreement provided for an award of alimony which was subject to modification by the court issuing the decree. Appellant further asserted that the copy of the divorce decree attached to the petition was not properly authenticated.

The court, after hearing, adopted the divorce decree and ordered appellant to pay to appellee $400 per month as provided in the separation agreement. However, the court found that it was without authority to grant a judgment for arrearages accumulated prior to the filing of the petition.

Appellant assigns two errors on appeal.

"I. The uncertified documents presented to the court by defendant are not entitled to full faith and credit under Title 28 U.S.C. § 1738 or the law of Ohio and the defendant's petition to adopt a foreign decree should have been dismissed."

This assignment of error is not well taken.

Appellant contends that the copy of the purported divorce decree submitted by appellee was not properly authenticated. We disagree.

Both appellant and appellee testified that the document submitted with appellee's petition was the divorce decree issued by the Maryland court.

Having testified to the authenticity of the document, appellant may be deemed to have waived further proof thereof, notwithstanding the fact that his counsel objected to the admissibility of the document, contending that it was not certified. The purpose of certification is to evidence authenticity. Where authenticity is admitted, the lack of certification can be of no consequence.

Moreover, we disagree with appellant that the decree is not certified. Section 10-204 of the Maryland Code, Courts and Judicial Proceedings Article (1973, 1980 Repl. Vol.) provides as follows:

"Public records — Admissibility generally.

"A copy of a public record, book, paper, or proceeding of any agency of any state or of its political subdivisions or of an agency of any political subdivision shall be received in evidence in any court if certified as a true copy by the custodian of

the record, book, paper, or proceeding, and if otherwise admissible."

The copy of the purported divorce decree attached to appellee's petition includes a seal impression of the Circuit Court of Montgomery County, the stamped legend "True Copy Test; Howard M. Smith; Clerk," and the signature "Howard M. Smith."

We conclude that this is a certified copy of the divorce decree and as such would have been admissible as a self-authenticating document under Evid. R. 902(4) even if no extrinsic evidence of authenticity had been produced.[1] Evid. R. 902(4) provides pertinently:

"Self-Authentication

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

"* * *

"(4) Certified copies of public records. *A copy of an official record* or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, *certified as correct by the custodian* or other person authorized to make the certification, *by certificate* complying with paragraph (1), (2), or (3) of this rule or *complying with any law of a jurisdiction,* state or federal, or rule prescribed by the Supreme Court of Ohio." (Emphasis added.)

Appellant, however, contends that a judgment, to be entitled to full faith and credit under Section 1 of Article IV of the United States Constitution, must meet the requirements set forth in Section 1738 of Title 28 of the U.S. Code which states:

"State and Territorial statutes and judicial proceedings; full faith and credit.

"The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

"The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, *shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.*

"Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." (Emphasis added.)

This section would impose as an additional requirement a certification by a judge that the attestation of the clerk is in proper form.

Contrary to appellant's contention, it is well-accepted that the methods of proof of authenticity provided by acts of Congress are not exclusive of other methods that the states may adopt in their own courts. See *Ades* v. *Ades* (1942), 70 Ohio App. 487 [25 O.O. 214]; *Donald* v. *Jones* (C.A. 5, 1971), 445 F.2d 601; *Murphy* v. *Murphy* (Okla. App. 1978), 581 P.2d 489. See, generally, 30 American Jurisprudence 2d 93, Evidence, Section 966.

Finally, appellee moved on appeal to supplement the record with a copy of the Maryland divorce decree which appears to meet the requirements set forth in Sec-

---

[1] Civ. R. 44 also deals with methods of proving official records. However, Civ. R. 44(C) provides as follows: "This rule does not prevent the proof of official records * * * by any other method authorized by law."

The Evidence Rules have expanded the methods by which the authenticity of docu-

ments may be established. Proof of official records may therefore be undertaken pursuant to either Civ. R. 44 or the Evidence Rules. See *United States* v. *Pent-R-Books, Inc.* (C.A. 2, 1976), 538 F. 2d 519, 522-528 (dealing with parallel Fed. R. Civ. P. 44 and Fed. R. Evid. 902).

tion 1738, Title 28, U.S. Code. Since the record does not demonstrate that such a copy was introduced in the trial court, appellee's motion to supplement the record is hereby overruled.

For the reasons set forth above, the trial court did not err in finding the divorce decree to be properly authenticated.

"II. The divorce decree and separation agreement are subject to modification under Maryland law and are not entitled to full faith and credit in the courts of Ohio."

This assignment of error is without merit.

Section 1 of Article IV of the United States Constitution provides as follows:

"Full faith and credit shall be given in each State to the public acts, records, and judicial Proceedings of every other State. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

An order for alimony payable in installments made in a divorce action in one state which is subject to modification under the laws of that state is not entitled to full faith and credit in the courts of another state because it is not considered to be a judgment of sufficient finality. *Sistare* v. *Sistare* (1910), 218 U.S. 1; *Lynde* v. *Lynde* (1901), 181 U.S. 183; *Barber* v. *Barber* (1944), 323 U.S. 77; *McPherson* v. *McPherson* (1950), 153 Ohio St. 82 [41 O.O. 151]; *Armstrong* v. *Armstrong* (1927), 117 Ohio St. 558; *Gilbert* v. *Gilbert* (1911), 83 Ohio St. 265; *Appel* v. *Appel* (1946), 78 Ohio App. 53 [33 O.O. 413].

Both parties agree that under Maryland law a court may modify an alimony award upon a showing of changed circumstances. However, appellee contends that the payments to be made by appellant under paragraph 11 of the separation agreement do not constitute alimony. We agree.

A starting point for the analysis of this issue is the case of *Simpson* v. *Simpson* (1973), 18 Md. App. 626, 308 A. 2d 410. In *Simpson,* the Maryland Court of Special Appeals, at 628-629, summarized Maryland case law on the issue of alimony and the modification thereof as follows:

"1. Alimony is a money allowance payable under a judicial decree by a husband at stated intervals to his wife, or former wife, during their joint lives or until the remarriage of the wife, so long as they live separately, for her support and maintenance.

"a. It must terminate on the remarriage of the wife.

"b. It must terminate on the death of the wife.

"c. It must terminate on the death of the husband.

"d. If the parties have entered into an agreement providing for payments which meet the required characteristics of alimony, the court may adopt the agreement in ordering the payment of alimony.

"e. Alimony ordered by the court is always subject to reconsideration and modification by the court in the light of changed circumstances.

"f. Payment of alimony may be enforced by the court by the exercise of its contempt power, including attachment and imprisonment of the person.

"2. If the parties have entered into an agreement providing for payments which do not meet all of the requirements of alimony, the court may nonetheless incorporate all or part of the agreement in its decree. However, the obligation to pay rests upon the agreement of the parties, and does not become alimony.

"a. Such payments may not be modified by the court, in the absence of collusion, mistake, or fraud.

"b. Such payments do not take the character of alimony because they are described as alimony.

"c. Such payments do not take the character of alimony because the parties by their agreement or the court in its decree attempt to give the court or

reserve continuing jurisdiction to modify the payments.

"d. Such payments, if approved by a decree of the court, may be enforced by the court by the exercise of its contempt power, including attachment and imprisonment of the person."

See, also, *Wolfe* v. *Wolfe* (1971), 12 Md. App. 581, 280 A. 2d 1; *Paylor* v. *Paylor* (Md. App. 1969), 254 Md. 154, 253 A. 2d 911; *Stevens* v. *Stevens* (Md. App. 1964), 233 Md. 279, 196 A. 2d 447; *Grossman* v. *Grossman* (Md. App. 1964), 234 Md. 139, 198 A. 2d 260.

According to *Simpson,* periodic payments do not constitute alimony if they do not terminate on the death of the wife, the death of the husband, and the remarriage of the wife.

The separation agreement in the case at bar contains no provision specifically stating that the periodic payments provided for under paragraph 11 are to cease upon the death of either party.

However, that such was intended may be fairly implied from paragraph 12 of the agreement:

"Wife agrees to negotiate with husband relative to reduction in alimony in the event husband suffers severe reduction in annual net income or if wife relocates to an area where living expenses are not as great as in the Metropolitan Washington area. Should wife relocate for any reason, husband will pay the cost of such move, provided he be allowed to choose a reputable mover and if necessary sign a lease with her for the new residence, provided that they are not already divorced. Further, husband will accept liability for damage caused to property while occupied by him and his family."

Clearly, renegotiation of alimony by the spouses would be impossible if either spouse was deceased. Furthermore, any change in alimony is linked to the wife's living expenses and the husband's income, which implies that the husband is earning some level of income and the wife is incurring some level of expenses. Finally, paragraph 11 itself provides in part that the "[h]usband agrees to pay to wife and wife agrees to accept as alimony the sum of $400.00 per month * * *." This language further manifests an understanding that the right to receive and the obligation to make periodic payments is binding only upon the parties personally.

However, assuming *arguendo* that the parties did intend that the periodic payments should persist only during their joint lives, the inquiry as to whether alimony was intended to be awarded is not concluded. For it is necessary to consider the effect of paragraph 19:

"This agreement contains the entire understanding as between the parties hereto, and no modification or waiver of any of the terms shall be valid unless made in writing and executed with the same formality as this agreement."

The parties apparently contemplated by this provision that they would personally approve any modification of the periodic payments. This provision would, therefore, appear to be in conflict with an intent on their part that the court be permitted to modify the payments.

Section 28 of Article 16 of the Maryland Code (1957) provided at all times pertinent to this case as follows:

"* * * Any deed or agreement made between husband and wife respecting support, maintenance, property rights, or personal rights, or any settlement made in lieu of support, maintenance, property rights or personal rights shall be valid, binding and enforceable to every intent and purpose * * *."

It is therefore necessary to give effect to the intent of the parties. See *LaChance* v. *LaChance* (1975), 28 Md. App. 571, 346 A. 2d 676 (where wife reserved right in separation agreement to receive "alimony" but also agreed to restrict payments to a period of two years, she may be held to have relinquished her right to alimony as such and to have agreed instead to a support and maintenance

award for a period of two years, modifiable by the court); *Zamecki* v. *Zamecki* (Md. App. 1962), 229 Md. 1, 180 A. 2d 849 (court's conclusion that it could find nowhere in separation agreement an intention to limit court's right to modify alimony award implies that existence of such intention could effectively so limit court's right). A separation agreement, being a contract, is subject to the same general rules governing other contracts and particular questions must be resolved by reference to the particular language of the agreement. *Pumphrey* v. *Pumphrey* (1971), 11 Md. App. 287, 273 A. 2d 637.

We conclude from the language of the agreement that the intent of the parties was that the periodic payments at issue were to be in the nature of maintenance and support payments modifiable only upon the approval of the parties or where the agreement specifically provides for modification and that the Maryland court which issued the divorce decree is therefore without authority to modify the amount of the payments.

Since we conclude that the payments set forth in paragraph 11 of the agreement do not constitute a modifiable award of alimony, the decree at issue is of sufficient finality to be entitled to full faith and credit by the courts of this state.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DAY, P.J., concurs.

JACKSON, J., concurring. The issue raised in the appellant's second assignment of error is whether the alimony provisions of the separation agreement, as incorporated into the divorce decree, are subject to modification by the Maryland courts. If these provisions are modifiable, then the courts of Ohio are not required to accord them full faith and credit under Section 1, Article IV of the United States Constitution. *Sistare* v. *Sistare* (1910), 218 U.S. 1; *Armstrong* v. *Armstrong* (1927), 117 Ohio St. 558.

The appellant contends that the decree *is* modifiable, because the agreement incorporated into the decree did not "specifically state that the provisions with respect to the alimony, support and maintenance of the husband or wife are not subject to any court modification," as required under Section 28 of Article 16 of the Maryland Code (1957, 1981 Repl. Vol.) which provides:

"Effect of agreement and settlements between parties. Any deed or agreement made between husband and wife respecting alimony, support, maintenance, property rights, or personal rights, or any settlement made in lieu of alimony, support, maintenance, property rights or personal rights shall be valid, binding and enforceable to every intent and purpose, and the deed or agreement may not be a bar to an action for divorce, either a vinculo matrimonii or a mensa et thoro, as the case may be, whether the cause for divorce existed at the time or arose prior to or subsequent to the time of the execution of the deed or agreement, or whether at the time of making the deed or agreement the parties were living together or apart. However, whenever any deed or agreement shall make provision for or in any manner affect the care, custody, education or maintenance of any infant child or children of the parties, the court has the right to modify the deed or agreement in respect to the infants as to the court may seem proper, looking always to the best interests of the infants. *Furthermore, any provision in the deed or agreement in respect to alimony, support and maintenance of the husband or wife is subject to modification by the court to the extent the court deems just and proper regardless of the manner in which the provisions with respect to the alimony, support and maintenance are expressed or stated unless there is an express waiver of alimony, support and maintenance by the husband or wife or unless the provisions of the deed, agreement, or settlement specifically state that the provisions with*

*respect to the alimony, support and maintenance of the husband or wife are not subject to any court modification.* (Emphasis added.)

However, the emphasized portion of this statute was added in 1976, three years after the parties in this case executed the separation agreement, and two years after they were divorced. The amended portion of the statute expressly applies only to agreements entered into after April 13, 1976. Section 2, Chapter 170, Maryland Acts (1976). Thus, in 1973 and 1974, there was no Maryland statute which required a separation agreement to specifically state that its provisions regarding alimony were not modifiable by the court, in order for them to be nonmodifiable.

Paragraph 19 of the separation agreement implies, but does not "specifically state," that the courts do not have power to modify the agreement. In view of the fact that at the time the agreement was drafted that there was no legal requirement that such a clause be specifically stated, I concur with the decision of the majority that the alimony clause of the divorce decree is not modifiable by the Maryland courts, and that it must therefore be given full faith and credit by the Ohio courts.

It should also be noted that the trial court erred in failing to order appellant to pay arrearages; however, appellee did not file a cross-assignment of error to have this omission corrected.