SPEYER ET AL., APPELLANTS, *v.*
CONTINENTAL SPORTS CARS, INC.,
APPELLEE.

(No. 86AP-474—Decided
December 30, 1986.)

*Thomas Sico,* for appellants.
*Frank J. Macke,* for appellee.

McCORMAC, J. Plaintiffs-appellants, Barbara and Jason Speyer, have appealed the judgment of the Franklin County Court of Common Pleas granting defendant-appellee Continental Sports Cars, Inc.'s motion for a permanent stay of execution of a Texas judgment in favor of plaintiffs which they had sought to enforce in Ohio.

In August 1983, Barbara and Jason Speyer, Texas residents, experienced car difficulties with their Peugeot while driving through Ohio. Relying upon Peugeot's published "Dealer Directory," they engaged the services of appellee, an Ohio corporation, for repair of the car. Appellants subsequently discovered that the repairs had been improperly performed and had damaged their car. Therefore, appellants filed suit in the 200th Judicial District, Travis County, Texas, against appellee. On April 9, 1984, defendant's Ohio counsel filed a motion to dismiss for lack of jurisdiction over defendant. The motion was not sworn to as required by Tex. R. Civ. P. 120a. On June 11, 1984, defendant filed a supplemental memorandum in support of its motion to dismiss, which also was not sworn to. On July 6, 1984, the Texas trial judge held that defendant had entered a general appearance, as provided by Tex. R. Civ. P. 120a in case of an appearance not in compliance with the rule. Defendant took no further action, and plaintiffs thereafter obtained a default judgment for $11,989.30 in Texas.

On February 8, 1985, plaintiffs sought enforcement of the foreign judgment in Ohio, pursuant to R.C. 2329.021 *et seq.* The lower court, however, granted defendant's motion for a stay of execution. The court noted:

"The Texas Rule of Civil Procedure is a procedural rule and is not one of substance. *Ohio rules are applicable in Ohio, and are to be construed to effect just results.* Rule 1(B), Ohio Rules of Civil Procedure.

"In the instant case, but for the failure to follow a *procedural guideline,* the Defendant would have had no contact with the state of Texas. * * * The effect of this judgment is damages more than five times the actual damages. This is an unjust result and will not stand. It would be *unconscionable to effect an $11,989.30 judgment for a mere procedural technicality.*

"Defendants' Motion is hereby SUSTAINED." (Emphasis added.)

Plaintiffs have appealed, asserting the following assignments of error:

"I. The trial court erred in failing to affirm that the Texas Rule of Civil Procedure 120a satisfies constitutional due process requirements.

"II. The trial court erred in ruling on the merits of whether the appellee would have been subject to per-

sonal jurisdication in Texas under the Texas long-arm statute.

"III. The trial court erred in finding that appellee had any grounds for collaterally attacking on [*sic*] Ohio a valid foreign judgment.

"IV. The trial court erred in not granting full faith and credit to the valid Texas judgment.

"V. The trial court erred in finding the amount of the foreign judgment was unjust and unconscionable."

This appeal raises the issue of when an Ohio court may collaterally attack a foreign judgment. In *Litsinger Sign Co.* v. *American Sign Co.* (1967), 11 Ohio St. 2d 1, 40 O.O. 2d 30, 227 N.E. 2d 609, paragraph one of the syllabus, the court held:

"A judgment of a sister state's court is subject to collateral attack in Ohio if there was no subject matter or personal jurisdiction to render the judgment under the sister state's internal law, and under that law the judgment is void; however, such collateral attack is precluded in Ohio, if the defendant submitted to the jurisdiction of the sister state's court by an appearance precluding collateral attack in such state."

Thus, the first question is whether defendant subjected itself to the personal jurisdiction of the Texas courts based on Texas law.

In Texas, a defendant who wishes to object to personal jurisdiction may do so by entering a special appearance. Tex. R. Civ. P. 120a provides:

"Rule 120a. Special Appearance

"1. Notwithstanding the provisions of Rules 121, 122 and 123, a special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State. A special appearance may be made as to an entire proceeding or as to any severable claim involved therein. Such special appearance shall be made *by sworn motion* filed prior to motion to transfer venue or any other plea, pleading or motion; provided however, that a motion to transfer venue and any other plea, pleading, or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance; *and may be amended to cure defects*. The issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special appearance. *Every appearance, prior to judgment, not in compliance with this rule is a general appearance.*

"2. Any motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard. No determination of any issue of fact in connection with the objection to jurisdiction is a determination of the merits of the case or any aspect thereof.

"3. If the court sustains the objection to jurisdiction, an appropriate order shall be entered. If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. *Any such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction when the objecting party or subject matter is not amenable to process issued by the courts of this State.*" (Emphasis added.)

Prior to the adoption of Tex. R. Civ. P. 120a, Texas followed the rule of *York* v. *State* (1889), 73 Tex. 651, 11 S.W. 869, affirmed (1890), 137 U.S. 15, that an appearance in Texas to contest personal jurisdiction automatically

conferred jurisdiction over the defendant.

Rule 120a requires that a special appearance be made by sworn motion. However, a party who fails to verify his motion may amend it to cure defects. If the defendant fails to enter a special appearance in compliance with the rule, he is deemed to have entered a general appearance. The Texas courts have strictly construed the requirements of Rule 120a. In *Stewart* v. *Walton Enterprises, Inc.* (Tex. Civ. App. 1973), 496 S.W. 2d 956, the Texas court held that defendants had made general appearances because their motions were unsworn. The court further noted that, because of its ruling on the special appearance issue, it did not need to reach the issue of defendant's minimum contacts with Texas. *Id.* at 958. In *Austin Rankin Corp.* v. *Cadillac Pool Corp.* (Tex. Civ. App. 1967), 421 S.W. 2d 733, the Texas court held that an unsworn special appearance constituted a general appearance. Thus, the court held that defendants were before the court for all purposes, pursuant to *York* v. *State, supra. Id.* at 734. (At the time *Stewart* and *Austin Rankin Corp.* were decided, Rule 120a did not provide for the amendment of special appearance motions to cure defects.)

Thus, under Texas law, the failure to comply with Rule 120a converts an attempted special appearance into a general appearance. When this occurs, the minimum contacts issue need not be addressed, as defendant has, in essence, consented to jurisdiction. In his article, In Personam Jurisdiction; Article 2031B, The Texas "Long Arm" Jurisdiction Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere (1964), 42 Tex. L. Rev. 279, Professor E. Wayne Thode states that, when a defendant errs in the necessary procedural steps, the appearance is general. In such a circumstance, the rule of *York* v. *State, supra,* is applicable and defendant's pleading, whatever its nature, is an appearance that confers personal jurisdiction. *Id.* at 317.

Furthermore, 3 Texas Jurisprudence 3d (1980) 662, Appearance, Section 14, states that the right to make a special appearance is waivable since, by statute, every appearance prior to judgment not in compliance with Rule 120a is a general appearance.

When the defendant properly enters a special appearance to object to jurisdiction (*i.e.,* by sworn motion), the court then conducts a hearing. See Rule 120a(2). The defendant has the burden to show its lack of amenability to long-arm process. *Carbonit Houston, Inc.* v. *Exchange Bank* (Tex. App. 1982), 628 S.W. 2d 826.

There are two avenues for the trial court to then take. If the court sustains the objection, a final order of dismissal is entered. This order can be appealed by plaintiffs in Texas. See *Frye* v. *Ross Aviation, Inc.* (Tex. Civ. App. 1975), 523 S.W. 2d 500. Upon review, if the appellate court rules that plaintiff had established personal jurisdiction over the defendant, and thus reverses, the defendant has now entered a general appearance and must defend in the Texas trial court. *Thode, supra,* at 331.

If the court overrules the objection, the defendant may then appear generally to defend on the merits. The order overruling the plea is interlocutory and may not be appealed until there is a final judgment. *Frye, supra*; 3 Texas Jurisprudence 3d, *supra,* at 698, Section 37.

The last sentence of Rule 120a(3) then provides, "[a]ny such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction when the objecting party or the subject matter is not amenable to process issued by the courts of this State." This sentence has

been interpreted to mean that defendant, by participating in the trial after his objection to jurisdiction is overruled, has not waived his arguments regarding jurisdiction on appeal. Thus, a defendant, upon appeal in Texas after final judgment, can raise both the issue of personal jurisdiction and the merits of his case. Hines, Special Appearance in Texas (1962), 6 S. Tex. L.J. 202, 205.

In *Carpenter Body Works, Inc.* v. *McCulley* (Tex. Civ. App. 1965), 389 S.W. 2d 331, certiorari denied (1966), 382 U.S. 979, a Texas appellate court was asked to interpret the above-quoted portion of Rule 120a(3). The court held that:

"This language to us shows an intention that the party whose plea to the jurisdiction is overruled shall thereafter proceed to trial on the merits and if he suffers adverse judgment on the merits, his complaints on appeal may encompass one complaining of the trial court's action in overruling his plea to the jurisdiction." *Id.* at 332.

Defendant argues, however, that Rule 120a(3) assures the availability of a hearing on the merits even if, as here, the attempted special appearance becomes a general appearance and the court proceeds to exercise jurisdiction, even though nothing further is done in Texas, either in defending on the merits or in appealing the jurisdictional ruling in Texas after final judgment is rendered. This argument ignores Texas' strict interpretation of the special appearance requirements and renders a nullity the phrase, "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance."

Therefore, under Texas law, there was a final adjudication that defendant had consented to general jurisdiction over it by its defective special appearance.

The final question is whether the Texas judgment is entitled to full faith and credit in Ohio.

A *valid* judgment rendered in Texas *must* be recognized in Ohio. Restatement of the Law 2d, Conflict of Laws (1971) 278, Section 93; Full Faith and Credit Clause (Section 1, Article IV, United States Constitution). Whether the judgment is valid is based on *Texas* law. *Litsinger Sign Co., supra.* A valid judgment rendered in Texas will be recognized and enforced in Ohio even though the strong public policy of Ohio would have precluded recovery in its courts on the original claim. Restatement of the Law 2d, Conflict of Laws (1971) 339, Section 117.

The local law of the state where the judgment was rendered (Texas) determines whether the parties are precluded from attacking the judgment collaterally on the basis of lack of personal jurisdiction when the defendant's initial objection that the court has no jurisdiction over him has been overruled. Restatement of the Law 2d, Conflict of Laws (1971) 289, Section 96. As previously demonstrated, the remedy in Texas was direct appeal, not collateral attack. Hence, the judgment may not be collaterally attacked in Ohio either.

In conclusion, the trial court erred when it held that Ohio rules are applicable to this case; that Rule 120a was a procedural "guideline"; that defendant had no contact with Texas; that the amount of damages was unjust; and that it would be unconscionable to effect an $11,989.30 judgment for a mere "procedural technicality."

Plaintiffs' assignments of error are sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court to give full

faith and credit to the Texas judgment and to render judgment accordingly.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and WHITESIDE, JJ., concur.