**BARNETT et al., Appellants,**

v.

**BARNETT, Exr., et al., Appellees.**

[Cite as *Barnett v. Barnett* (1993), 85 Ohio App.3d 1.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005326.

Decided Jan. 6, 1993.

2

---

*Thomas H. Sanborn,* for appellants.

*John S. Haynes,* for appellees.

REECE, Judge.

Plaintiffs-appellants, Nancy L. Barnett, Curtis Barnett and Lindsay Barnett, appeal the trial court's refusal to enforce an Indiana child support order against the estate of Phillip R. Barnett. We reverse.

In 1970 Nancy and Phillip Barnett were married in Indiana. In 1978 they moved to Ohio for four years, after which they returned to Indiana. They remained in Indiana where they separated in 1985 and where their marriage was dissolved on July 25, 1986. Two children were born as issue of the marriage, Curtis in 1974 and Lindsay in 1976.

The parties' separation agreement was incorporated into the decree of dissolution. This agreement required Phillip to pay $80 per week in child support for each child. These payments were to continue until each child reached the age of majority, twenty-one in Indiana, or the child became emancipated. Should the children elect to attend college, Phillip also agreed to pay one-half of the costs of tuition and room and board at a state university.

On August 9, 1986, Phillip married Patricia J. Barnett and moved to Lorain County, Ohio. Phillip died on October 31, 1989 and Patricia was named executrix of his estate. Phillip had paid all child support payments due prior to his death. Twenty-five thousand dollars was paid to a trust for the benefit of Curtis and Lindsay pursuant to the terms of a life insurance policy. Nancy Barnett filed a claim against Phillip's estate for child support and the anticipated costs of the children's education. As executrix, Patricia rejected this claim. Nancy, Lindsay, and Curtis then filed this suit seeking child support until the children reach the age of twenty-one and one-half of the cost of a college education for each child.

The trial court rejected this claim, finding that under Ohio law Phillip's duty to pay child support did not survive his death. Accordingly, the trial court denied the claims for child support. Appellants brought this appeal raising two assignments of error.

## Assignments of Error

"I. [The] [*sic*] trial court erred in failing to give full faith and credit to an Indiana divorce decree when the decedent agreed to certain obligations for child support and other payments on behalf of his minor child and such payments are extended by law beyond his death."

"II. The trial court erred in denying to grant [*sic*] full faith and credit to an Indiana divorce decree on the basis that such decree was subject to modification and was not a final judgment entitled to full faith and credit."

**4**

Because both of these assignments consider the trial court's application of the full faith and credit doctrine, we shall consider them together.

The appellants attempted to enforce an Indiana judgment in Ohio. In determining whether to enforce a judgment order of a sister state, a court is bound by the Full Faith and Credit Clause of the United States Constitution. It provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." Section 1, Article IV, United States Constitution.

Congress has prescribed the manner in which the judgments in other states shall be proved. Section 1738, Title 28, U.S.Code. The trial court found that the foreign judgment was properly authenticated in this case.

In applying full faith and credit to the judgments of a sister state, Ohio courts give these judgments the same effect as they would have in the courts of the state where the adjudication was had. *Armstrong v. Armstrong* (1927), 117 Ohio St. 558, 561, 160 N.E. 34, 35; *Speyer v. Continental Sports Cars, Inc.* (1986), 34 Ohio App.3d 272, 276, 518 N.E.2d 39, 42; 63 Ohio Jurisprudence 3d (1985) 121, Judgments, Section 350.

The trial court applied Ohio law to determine whether Curtis' and Lindsay's claims survived Phillip's death. Ohio has stated that a child support order does not survive the death of the payor spouse unless the child support order so provides. *Gilford v. Wurster* (1983), 24 Ohio App.3d 77, 24 OBR 145, 493 N.E.2d 258. However, Indiana law allows for a child support order to survive the death of a payor spouse. Indiana Code 31–1–11.5–17(d). The trial court found appellant's claim was not cognizable by applying Ohio law to the Indiana judgment.

In enforcing a judgment pursuant to the Full Faith and Credit Clause, an Ohio court must determine if the laws of the state that rendered the decision allow the judgment to be enforced. *Armstrong,* 117 Ohio St. at 561, 160 N.E. at 35; *Speyer,* 34 Ohio App.3d at 276, 518 N.E.2d at 42; 63 Ohio Jurisprudence 3d (1985) 121, Judgments, Section 350. Therefore, the trial court was required to determine whether Indiana, not Ohio law, allowed the collection of child support after death. See, generally, *Armstrong, supra; Price v. Price* (1982), 4 Ohio App.3d 217, 220–222, 4 OBR 323, 325–328, 447 N.E.2d 769, 772–774. Because Indiana allows child support payments to continue after the payor-spouse's death, the trial court erred in stating Phillip's duty to pay child support under the Indiana dissolution decree terminated at his death.

However, because the duty to pay child support survives Phillip's death does not necessarily require Ohio courts to recognize the children's claims. It is well settled that orders for child support, payable in installments and subject to modification under the laws of the rendering state, made in a divorce or dissolution in that state, are not entitled to full faith and credit in the courts of a sister state because they are not considered to be sufficiently final. *Price*, 4 Ohio App.3d at 220, 4 OBR at 325, 447 N.E.2d at 772, citing *Sistare v. Sistare* (1910), 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905; *Barber v. Barber* (1944), 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82; *McPherson v. McPherson* (1950), 153 Ohio St. 82, 41 O.O. 151, 90 N.E.2d 675.

Indiana law provides that a child support order may be modified upon petition by the representatives of the payor spouse's estate. Thus, the child support order is modifiable and the children's claim for a lump sum payment including all the child support due them, is not entitled to full faith and credit.[1] However, an action may be maintained for any support payments which have accrued, and which Indiana courts cannot modify retroactively. *Armstrong, supra; Auberry v. Auberry* (Feb. 15, 1989), Summit App. No. 13666, unreported, at 5, fn. 1, 1989 WL 13607.

The trial court did not find what amount, if any, of the child support was past due. Also, the trial court did not determine what the effect of the children's receipt of Social Security benefits received due to their father's death would have on the child support payments. In Ohio, the amount of child support would be reduced by the Social Security benefits received. Indiana courts leave the question of the effect of Social Security survivor's benefits on a child support order to the trial court's discretion. *Estate of Brummett v. Brummett* (Ind.App. 1994), 472 N.E.2d 616, 617–618. If the trial court determines that some payments are past due, it also must consider the effect of the Social Security benefits on the payment of the child support order.

The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and CACIOPPO, J., concur.

---

1. In the alternative to a lump sum payment, the appellants requested that the court order Phillip's estate to continue payments under the child support order. An action for an Ohio court to enforce a foreign child support order is controlled by R.C. Chapter 3115, the Uniform Reciprocal Enforcement of Support Act ("URESA"). However, appellants do not mention URESA in their complaint, nor do they attempt to meet the requirements of a URESA complaint under R.C. 3115.01. Thus, the trial court correctly denied appellant's request to have the child support order enforced in Ohio.