[Cite as *Sanford v. 202 Racing, Inc.*, 2011-Ohio-3987.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96059**

**MALCOLM SCOTT SANFORD**

PLAINTIFF-APPELLEE

vs.

**202 RACING INC., DBA
ACCU-PRODUCTS, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:
REVERSED AND REMANDED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-729419

**BEFORE:** Rocco, J., Blackmon, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 11, 2011

**ATTORNEY FOR APPELLANTS**

John P. Malone, Jr.
614 W. Superior Avenue
Suite 1150
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Scott S. Weltman
David S. Brown
Weltman, Weinberg & Reis Co., L.P.A.
Lakeside Place, Suite 200
323 W. Lakeside Avenue
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶ 1}   Defendants-appellants 202 Racing, Inc., dba "Accu-Products," and Richard Merhar appeal from the order of the Cuyahoga County Court of Common Pleas that overruled their "notice of objection and motion for [a] stay" of the filing of a judgment obtained against them in a Texas court by plaintiff-appellee, Texas resident Malcolm Scott Sanford.

{¶ 2}   Appellants present two assignments of error.  They argue the trial court wrongly determined the Texas judgment was entitled to "full faith and credit" in Ohio, because the Texas judgment was void.   Appellants assert the Texas court not only lacked

personal jurisdiction over them, but its judgment in Sanford's favor was based upon a fraud on the court.

**{¶ 3}** Upon a review of the record, this court agrees that the Texas court never acquired valid personal jurisdiction over appellants. Consequently, the trial court erred in permitting Sanford to file the Texas judgment pursuant to R.C. 2329.022. Appellants' second assignment of error, therefore, is moot. The trial court's order is reversed, and this case is remanded for further proceedings consistent with this opinion.

**{¶ 4}** The record reflects that on February 26, 2009, Sanford filed a petition in the county court of Smith County, Texas against appellants, who are based in Rocky River, Ohio. Therein, Sanford alleged causes of action for deceptive trade practices, "common law fraud," breach of contract, "economic and actual damages" and "damages for mental anguish"; Sanford also made claims for "multiple damages," "exemplary damages," and "attorney's fees."

**{¶ 5}** With respect to the Texas court's "general" personal jurisdiction over appellants, Sanford claimed that the court's assumption of jurisdiction over appellants would not "offend traditional notions of fair play and substantial justice and [wa]s consistent with the constitutional requirements of due process." He based this claim on the following assertions: 1) appellants "purposefully availed" themselves of the privilege of conducting business in Texas; 2) appellants had "continuous and systematic contacts" with Texas; and, 3) appellants "engaged in activities constituting business * * * in Texas

as provided by [state law], in that [appellants] contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas."

{¶ 6} After being served with a copy of Sanford's petition, appellant Merhar, proceeding pro se on his own behalf and on behalf of his company, filed a motion to dismiss the action. He stated simply that the court lacked personal jurisdiction "as demonstrated in the attached Affidavit." In his affidavit, Merhar averred that neither he nor his business "contracted by mail or otherwise with any Texas resident to perform a contract in whole or part in Texas."

{¶ 7} Sanford filed a "response" to appellants' motion to dismiss. He argued that appellants' motion was deficient for failure to strictly comply with the requirements set forth in Texas Rule of Civil Procedure ("TRCP") 120a(1). Sanford further argued that appellants' internet activity was sufficient for the Texas court to exercise personal jurisdiction over them. Neither of these arguments was supported by any documentary evidence.

{¶ 8} Nevertheless, on July 29, 2009, without conducting a hearing, the Texas court denied appellants' motion to dismiss the case. In October 2009, the Texas court sent notice to appellants of a trial date. The trial took place on December 2, 2009; that same day, the Texas court issued a judgment entry finding in favor of Sanford on his complaint.

{¶ 9} The Texas judgment entry stated in pertinent part: 1) the trial court in Smith

County, Texas, held a bench trial on Sanford's claims against appellants; 2) appellants failed to appear; and, 3) "after considering the pleadings and official records on file in this cause, the evidence presented, and the parties' [sic] arguments," Sanford was entitled to judgment as follows: $4,700 in actual damages, $14,100 in multiple damages, $176 in prejudgment interest, $5,125 in attorney's fees, and postjudgment interest on both the judgment and the attorney's fees "from the day this judgment is rendered until satisfied."[1]

{¶ 10} On June 16, 2010, Sanford filed in the trial court a certified copy of the Texas judgment entered in his favor. Attached to this document was Sanford's Ohio attorney's affidavit; the attorney stated that appellants' "last known address" was in Rocky River, Ohio.

{¶ 11} On July 28, 2010, appellants filed their "notice of objection [to the] foreign judgment and motion for [a] stay of proceedings." Appellants asserted the Texas court never acquired personal jurisdiction over them; they argued the judgment, therefore, was void, and the trial court should not enforce it.

{¶ 12} Appellants attached to their motion Merhar's affidavit. Merhar averred as follows: 1) Merhar never directed any sales or marketing activity toward any person in Texas; 2) Sanford initiated contact with him via the internet and telephone; 3) Sanford solicited an agreement to purchase a "Zip go cart" from Accu-Products for $4,000; 4)

---

[1]The total amount of Sanford's judgment thus added up to $24,101, plus postjudgment interest.

appellants agreed in Ohio to the resulting order of sale of the item to Sanford; 5) in October, 2007, after making partial payment on the account, Sanford came to Ohio to take the "rolling chassis" of the "Zip go cart" home with him while awaiting appellants' supplying of the engine; 6) prior to "or about the time" Sanford filed his action in Texas, appellants performed the rest of the agreement in Ohio and shipped the item to Sanford "F.O.B. Ohio";[2] and 7) appellants' contacts with the state of Texas were minimal because they neither availed themselves of the privilege of conducting business there, nor entered the state, nor carried on any business efforts there for themselves, nor sought protection for themselves under Texas law.

{¶ 13} Sanford filed a brief in opposition to appellants' objection and motion. He argued that, by virtue of the fact that Merhar filed a pro se motion in the Texas court to dismiss Sanford's claims, appellants had submitted to the Texas court's jurisdiction. Sanford cited TRCP 120a(1) in support of his argument. Sanford also argued that the issue of personal jurisdiction had been "briefed and adjudicated" by the Texas court; therefore, that issue was barred by the doctrine of res judicata, and the Texas judgment

---

[2]As defined in R.C. 1302.32(A)(1), the term F.O.B. (which means 'free on board') at a name place is a delivery term. When goods are to be shipped F.O.B. seller's plant, the seller is required only to place the goods in the possession of a *carrier*, make a reasonable contract for shipment, tender documents of title, and notify the buyer of the shipment. See, e.g., *Alliance Wall Corp. v. Ampat Midwest Corp.* (1984), 17 Ohio App.3d 59, 62, 477 N.E.2d 1206.

deserved "full faith and credit" from the trial court pursuant to the United States Constitution, Section I, Article IV.

{¶ 14} Sanford attached to his brief as exhibits copies of several documents. These included the docket sheet of the Texas court's case file, his original petition against appellants, appellants' motion to dismiss and his response, and the Texas court's denial of appellants' motion. Sanford supplied no affidavit.

{¶ 15} Subsequently, the trial court issued an order in this case that denied appellants' "motion for a stay of foreign judgment proceedings," and declared that the Texas judgment "shall be treated in the same manner as a judgment of the Cuyahoga County Court of Common Pleas pursuant to R.C. [Section] 2329.02."

{¶ 16} Appellants filed a timely appeal of the trial court's order. They present the following two assignments of error.

{¶ 17} "I.   The trial court erred by giving full faith and credit to a Texas judgment, since the Texas judgment was void for lack of personal jurisdiction.

{¶ 18} "II.   The trial court erred by giving full faith and credit to a Texas judgment, since the Texas judgment was based on fraud and thus void."

{¶ 19} Appellants assert the trial court wrongly determined the Texas judgment was entitled to "full faith and credit" in Ohio because the Texas judgment was void. Appellants argue the Texas court lacked personal jurisdiction over them, and also argue the Texas court's judgment in Sanford's favor was based upon a fraud on the court. This

court finds it necessary to address only appellants' first argument, and agrees.

{¶ 20} Under the Full Faith and Credit Clause, a valid judgment rendered in another state must be recognized in Ohio. Section 1, Article IV, United States Constitution; R.C. 2329.022. However, a foreign judgment is subject to collateral attack in Ohio if the other state's court lacked either subject matter jurisdiction or personal jurisdiction. *Litsinger Sign Co. v. American Sign Co.* (1967), 11 Ohio St.2d 1, 227 N.E.2d 609; *Discount Bridal Services, Inc. v. Kovacs* (Apr. 16, 1998), Cuyahoga App. No. 72409, citing *Speyer v. Continental Sports Cars, Inc.* (1986), 34 Ohio App.3d 272, 518 N.E.2d 39.

{¶ 21} The court in *Trimax Holdings, Inc. v. Larson* (June 30, 1998), Franklin App. No. 97APE-10-1355, explained the doctrine of collateral attack in the following terms:

{¶ 22} "Only foreign judgments which are void are subject to collateral attack in Ohio. * * * [I]f the foreign judgment is merely voidable, relief must be sought in the foreign state."

{¶ 23} If the sister state lacked jurisdiction over the person to render the judgment under its own internal law, under that law the judgment is void. *Litsinger Sign Co.*, paragraph one of the syllabus. Collateral attack is precluded if the defendant submitted to the jurisdiction of the sister state. *Speyer*. Therefore, the procedural law of the state where the original judgment was rendered governs the issue of personal jurisdiction. Id.

**{¶ 24}** Sanford argued in the Texas court that appellants' motion to dismiss his petition was defective, and thus served to subject them to the Texas court's "general" jurisdiction. TRCP 120a provides in pertinent part:

**{¶ 25}** "1. * * * [A] special appearance may be made by any party * * * for the purpose of objecting to the jurisdiction of the court over the person * * * of the defendant on the ground that such party * * * is not amenable to process issued by the courts of this state. * * * Such special appearance shall be made by sworn motion filed prior to * * * any other plea, pleading or motion; *provided, however, that * * * any other plea, pleading or motion may be contained in the same instrument * * * without waiver of special appearance*; and may be amended to cure defects. Every appearance, prior to judgment, *not* in compliance with this rule is a general appearance.

**{¶ 26}** " * * *

**{¶ 27}** "3. The court shall determine the special appearance on the basis of the pleadings, * * * [and] *such affidavits and attachments as may be filed by the parties * * *.*

**{¶ 28}** "4. * * * If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. Any such special appearance or such general appearance *shall not be deemed a waiver of the objection to jurisdiction when the objecting party * * * is not amenable to process issued by the courts of this State.*" (Emphasis added.)

**{¶ 29}** A review of the case file from the Texas county court reveals Sanford's

jurisdictional argument was unsupported. While appellants challenged the court's personal jurisdiction over them in compliance with the foregoing rule by submitting Merhar's sworn affidavit, Sanford's responsive brief provided the Texas court with no evidence upon which to assume jurisdiction over appellants. Moreover, the legal authority Sanford cited to the Texas court in support of his position was actually contrary to it.

**{¶ 30}** For example, in *Exchequer Fin. Group, Inc. v. Stratum Devel. Inc.* (2007), 239 S.W.3d 899, cited by Sanford as controlling over the Texas county court's decision on the issue, the Texas Fifth District Court of Appeals set forth the applicable analysis as follows:

**{¶ 31}** "Whether a court has personal jurisdiction over a nonresident defendant is a question of law. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 805-06 (Tex. 2002). In reviewing a trial court's ruling on a special appearance, we examine *all the evidence in the record* to determine if the nonresident defendant *negated all possible grounds* for personal jurisdiction. *Reiff v. Roy*, 115 S.W.3d 700, 705 (Tex. App.-Dallas 2003, pet. denied). When, as in this case, the trial court does not file findings of fact and conclusions of law, all facts necessary to support the order and supported by the evidence are implied. Id. We reverse the trial court's ruling only when the court's implied findings and resulting order *are so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong*. Id.

**{¶ 32}** "Texas courts may exercise personal jurisdiction over a nonresident defendant *only* if (1) the defendant has established minimum contacts with Texas and (2) exercising jurisdiction comports with traditional notions of fair play and substantial justice. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). In evaluating the extent of the defendant's contacts with Texas, *the touchstone of our jurisdictional analysis is 'purposeful availment.' Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005). In determining whether the defendant has purposefully availed itself of the privilege of conducting activities within Texas, we look only to the defendant's contacts and not unilateral contacts of third parties. See id. at 784-85. We examine *only purposeful contacts of the defendant itself that are not random, isolated, or fortuitous.* Id. at 785. *We search for evidence showing the defendant availed itself of the forum by seeking some benefit, advantage, or profit.* Id.

**{¶ 33}** " * * *

**{¶ 34}** " * * * A defendant waives its special appearance and appears generally if it requests affirmative relief *inconsistent* with its assertion that the trial court lacks personal jurisdiction. See *Dawson-Austin v. Austin*, 968 S.W.2d 319, 323 (Tex. 1998).

**{¶ 35}** " * * * We conclude appellee's filing of the motion to dismiss did not waive its special appearance. * * * The mere filing of a motion, clearly subject to the special appearance, does not constitute a general appearance. * * *

**{¶ 36}** " * * * The [evidence] establishes appellee provides web development

services and website hosting *from its place of business in Illinois. Although potential customers can contact appellee through its website, the record does not reveal the extent of appellee's interaction with its customers through the website.* We note that *appellant negotiated its contracts with appellee by telephone, facsimile, and email rather than through interaction with appellee's website.*

**{¶ 37}** " * * * *The evidence shows appellee serves only a small number of Texas customers, provides its services from Illinois, and has made no effort to seek out customers in Texas. We conclude the trial court did not err in concluding appellee's contacts with Texas do not rise to the level of continuous and systematic contacts that would support general jurisdiction in Texas. See [Am. Type Culture] at 809-10 (concluding no general jurisdiction existed where defendant did not advertise in Texas, had no physical presence in Texas, performed all business services outside Texas,* and carefully constructed its contracts to ensure it did not benefit from Texas law). * * *

**{¶ 38}** "We affirm the trial court's order granting appellee's special appearance and *dismissing appellant's suit against appellee.*" (Emphasis added.)

**{¶ 39}** Clearly, based upon the foregoing principles, the Texas county court lacked any basis upon which to assert personal jurisdiction over appellants. Simply put, the evidence in the record demonstrated otherwise.

**{¶ 40}** The record reflects the issue of jurisdiction was not "fully and fairly litigated" in Texas because the Texas court: 1) afforded no weight to Merhar's sworn

affidavit; 2) failed to give effect to either TRCP 120a or controlling Texas law with respect to TRCP 120a; and, 3) failed to conduct an evidentiary hearing on the matter prior to proceeding to a trial on the merits of Sanford's many claims in appellants' absence. Under these circumstances, the trial court erred in ordering the enforcement of the Texas judgment in Ohio. *Holzemer v. Urbanski,* 86 Ohio St.3d 129, 1999-Ohio-91, 712 N.E.2d 713; cf., *RACC Industries, Inc. v. Stun-Tech, Inc.* (Dec. 29, 1994), Cuyahoga App. No. 66802.

{¶ 41} Appellants' first assignment of error is sustained. This renders appellants' second assignment of error moot. App.R. 12(A)(1)(c).

{¶ 42} The trial court's order is reversed, and this case is remanded for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, P.J. and

EILEEN A. GALLAGHER, J.